IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEOPHALIS (BINKY) WILSON,<br>Plaintiff | : | NO. 2:21-cv-02057-JMY |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA,<br>FORMER ASSISTANT DISTRICT<br>ATTORNEY DAVID DESIDERIO,<br>FORMER DISTRICT ATTORNEY<br>LYNNE ABRAHAM, ET AL.,<br>Defendants | : : : : : | *Electronically Filed*<br><br>JURY TRIAL DEMANDED |

### REPLY BRIEF OF DEFENDANTS, FORMER ASSISTANT DISTRICT ATTORNEY DAVID DESIDERIO AND FORMER DISTRICT ATTORNEY LYNNE ABRAHAM, IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.   INTRODUCTION**

On October 8, 2021, Moving Defendants, Former Assistant District Attorney David Desiderio ("ADA Desiderio") and Former District Attorney Lynne Abraham ("DA Abraham"), filed a Motion to Dismiss Plaintiff's Complaint and, on December 6, 2021, Theophalis (Binky) Wilson ("Plaintiff"), filed a Response in Opposition. (ECF 16; ECF 21). Moving Defendants now file this timely response to the arguments raised in Plaintiff's Response in Opposition. (ECF 27).

**II.   PLAINTIFF'S CLAIMS AGAINST ADA DESIDERIO SHOULD BE DISMISSED**

ADA Desiderio moved to dismiss Plaintiff's claims against him on the basis that he is entitled to absolute immunity. (ECF 16). In his Response in Opposition,

Plaintiff claims ADA Desiderio is not entitled to absolute immunity because he violated Plaintiff's rights while acting in an investigative capacity. However, this argument is not supported by Plaintiff's own allegations or by the applicable case law.

In support of his argument, Plaintiff first relies on Weimer v. County of Fayette, Pennsylvania, 972 F.3d 177 (3d Cir. 2020), and claims that Weimer is "strikingly similar" to the instant matter. (ECF 21, p. 16-19). Nevertheless, a review of the specific facts asserted in Weimer demonstrates that it is completely distinguishable from the allegations contained in Plaintiff's Complaint.

In Weimer, the plaintiff, whose conviction for a murder was vacated after she served eleven years in prison, sued a host of individuals and entities including the district attorney, alleging that he maliciously prosecuted her in violation of her Fourth and Fourteenth Amendment rights. Weimer, 972 F.3d at 179-183. The DA appealed the District Court's denial of his motion to dismiss on the basis of absolute immunity. Id. at 183-184. On appeal, the Third Circuit reviewed "each act" Plaintiff alleged was taken by the DA to determine whether the act was investigatory in nature. Id. at 188. The Third Circuit found absolute immunity did not apply to the allegations that the DA was involved at the crime scene and investigated leads before criminal charges because these roles were investigatory in nature. Id. at 188-189. Nevertheless, the Third Circuit held that absolute immunity did apply with regard to

the DA's approval of criminal charges being filed against the plaintiff even though the plaintiff alleged that "nearly three years after...the murder," the investigation had "uncovered statements made by three different persons…that were patently inconsistent, and ... contradicted by known DNA evidence." Id. at 189.

Here, unlike Weimer, there are no allegations that ADA Desiderio was at the crime scene or investigated leads.  Instead, Plaintiff's malicious prosecution claim is based on allegations that ADA Desiderio violated his constitutional rights and prosecuted him without probable cause by "fabricat[ing] inculpatory evidence and intentionally or recklessly with[holding] and misrepresent[ing] exculpatory facts that they knew would have vitiated probable cause against [Plaintiff] and they knew would have impeached witnesses for prosecution at trial."  (ECF 1, at ¶ 272). Plaintiff asserts virtually identical claims in Counts II and III based on allegations that ADA Desiderio deprived him of his right to a fair trial by fabricating false evidence and suppressing exculpatory evidence.  (ECF 1, at ¶ 280-282, 287-288, 290).

While Plaintiff contends that "it is beyond dispute that prosecutors are not entitled to absolute immunity when they are accused of fabricating evidence," (ECF 21, p. 19), and that absolute immunity is not afforded to withholding exculpatory evidence, (ECF 21, p. 22), such is not the case.  To the contrary, courts have routinely held that a prosecutor's procurement, solicitation and presentation of perjured

testimony, handling and presentation of evidence, and withholding exculpatory evidence are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocatory acts protected by absolute immunity.  See Burns v. Reed, 500 U.S. 478, 490 (1991); Rose v. Bartle, 871 F.2d 331, 343-344 (3d Cir. 1989); Henderson v. Fisher, 631 F.2d 1115, 1120 (3d Cir. 1980); Yarris v. County of Delaware, 465 F.3d 129, 139 (3d Cir. 2006); Segers v. Williams, 12 F. Supp. 3d 734, 739 (E.D. Pa. 2014).  In fact, even in Quintana v. City of Philadelphia, 2017 WL 3116265, *7-8 (E.D. Pa. July 21, 2017), the case upon which Plaintiff relies, this Court found that the prosecutors were entitled to absolute immunity for plaintiff's claims that prosecutors charged him with attempted rape and murder despite knowing their evidence was insufficient and false, disregarded the differences in the victim's physical description of her attacker and the plaintiff, failed to disclose discovery, conspired to wrongfully convict the plaintiff despite ample evidence to the contrary, and conspired to present false testimony at the plaintiff's trial.

Finally, Plaintiff would like this Court to find that ADA Desiderio is not entitled to absolute immunity for any conduct alleged by Plaintiff simply because Plaintiff alleged that one specific action taken by ADA Desiderio – i.e. the coercion of White's confession – occurred prior to Plaintiff's arrest and was an investigative function.  However, even if this Court determines that that one specific action

constitutes investigatory conduct, this Court may still find that ADA Desiderio is entitled to absolute immunity on other claims asserted by Plaintiff. Indeed, many cases have found that a prosecutor is entitled to absolute immunity for some conduct alleged by the plaintiff, but not for other alleged conduct. See Fogle v. Sokol, 957 F.3d 148 (3d Cir. 2020); Weimer, 972 F.3d at 179-183; Yarris, 465 F.3d 129.

Here, contrary to Plaintiff's suggestion, the alleged coercion of White's confession is not the only conduct Plaintiff attributes to ADA Desiderio. Specifically, Plaintiff alleges that ADA Desiderio coached White to lie to the jury and never brought this perjury to the attention of the court or the defense; failed to elicit at trial details regarding White's meetings with ADA Desiderio, ADA Desiderio's threats to White, or the promise that White would be released early; failed to disclose during trial that White's testimony was fabricated and false; knew at the time of trial that a witness who testified against him was an informant who had already cooperated with the Commonwealth and was implicated in at least one murder but failed to disclose his knowledge of the witnesses involvement as a co-conspirator and informant in two prior murder cases and otherwise failed to disclose impeaching information; committed Brady violations during trial; deprived Plaintiff of his right to a fair trial by deliberately and improperly fabricating false inculpatory evidence, fabricating false evidence to support the coerced and false confession, suppressing exculpatory evidence that would have contradicted the false confessions

and impeached prosecution witnesses, and concealed the misconduct of fabricating and suppressing evidence throughout the prosecution of Plaintiff as well as during post-conviction proceedings; withheld material exculpatory and impeachment evidence from the defense; used a coerced statement against Plaintiff in his criminal case and suppressed critical impeachment evidence that would have contradicted or impeached numerous witnesses who testified against Plaintiff; and withheld at trial exculpatory and impeachment evidence which undermined confidence in the verdict against Plaintiff and the concealment of this evidence deprived Plaintiff of a fair criminal trial.  (ECF 1, at ¶ 179, 183, 215, 222, 280, 281, 287, 292).  Thus, because Plaintiff's own Complaint indicates that much of ADA Desiderio's alleged conduct occurred in preparation for trial, ADA Desiderio is absolutely immune from liability for this alleged activity.  See Buckley, 509 U.S. at 273; Yarris, 465 F.3d at 139; see also Annappareddy v. Pascale, 2021 WL 1603987 (4th Cir. Apr. 26, 2021)(finding prosecutor was acting in her role as advocate and shielded by absolute prosecutorial immunity where it was alleged that, after the plaintiff had been indicted and the prosecutor became involved in anticipation of trial and realized that flaws in the existing inventory analysis was "not nearly as favorable [to] the government" as she had expected, she participated in the fabrication of a new inventory analysis showing false shortage and loss figures to use at trial to convict the plaintiff); Kroemer v. Tantillo, 758 Fed. Appx. 84, 87 (2d Cir. 2018)(finding prosecutor was entitled to

absolute immunity as to plaintiff's claims that prosecutor fraudulently amended his indictment and then fabricated evidence to support that amendment by coaching a witness); Cousin v. Small, 325 F.3d 627, 635 (5th Cir. 2003)(holding that prosecutor's alleged solicitation of false testimony in connection with interview "intended to secure evidence that would be used in the presentation of the state's case at the pending trial of an already identified suspect" was protected by absolute immunity).

### III. PLAINTIFF'S CLAIMS AGAINST DA ABRAHAM SHOULD BE DISMISSED

DA Abraham has moved to dismiss the claims against her for malicious prosecution, fabrication of evidence/withholding exculpatory and impeachment evidence, and supervisory liability because the Complaint does not present facts that indicate she had any personal involvement in the alleged misconduct directed against Plaintiff and because she is entitled to absolute immunity. In his Response in Opposition, Plaintiff claims that he has sufficiently alleged DA Abraham's personal involvement and that DA Abraham is not entitled to absolute immunity. However, Plaintiff's arguments are without merit.

First, while Plaintiff claims he has adequately alleged personal involvement on the part of DA Abraham, only two paragraphs of Plaintiff's 334-paragraph complaint contain any "facts" specifically related to DA Abraham, and those allegations are simply that DA Abraham "was, at all times relevant to this complaint,

duly elected and active supervising attorney of the DA's Office and Defendant Assistant District Attorney David Desiderio" and is "known reputationally as 'American's deadliest DA,' was at all relevant times the chief policymaker in the DA's Office, and espoused a fundamentally incorrect and unconstitutional interpretation of Brady's requirements."  (ECF 1, at ¶ 49, 229).  The majority of Plaintiff's remaining factual allegations only refer generally to the DA's Office or to ADA Desiderio.

Indeed, Counts I through III refer collectively to Defendants and assert absolutely no involvement on the part of DA Abraham personally.  The fact that DA Abraham was in a supervisory position does not, standing alone, establish her liability.  Brown v. Dep't of Corr., 2021 WL 5769551, at *3 (E.D. Pa. Dec. 6, 2021) (citing Saisi v. Murray, 822 Fed. Appx. 47, 48 (3d Cir. 2020)("Generalized allegations that a supervisory defendant is 'in charge of' or 'responsible for' an office or facility is not sufficient to allege personal involvement in an underlying constitutional violation."); McQueen v. Philadelphia Hous. Auth., 2003 WL 22533726, at *3 (E.D. Pa. Sept. 26, 2003)(citing Regan v. Township of Lower Merion, 1999 WL 999381 at *5 (E.D.Pa. Oct. 28, 1999)("[C]onstructive knowledge by virtue of being the supervisor of subordinates who may have actual knowledge is not sufficient to support liability under § 1983.").  Because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged

misconduct directed against Plaintiff, Plaintiff's individual capacity claims against DA Abraham contained in Counts I, II and III are insufficient and fail as a matter of law.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

With regard to the supervisory liability claim, Plaintiff claims he sufficiently alleged that DA Abraham, as ADA Desiderio's supervisor, knew of Desiderio's misconduct and and acquiesced to such conduct by her deliberate indifference, her knowing failure to stop such misconduct, and/or her tolerance of her subordinates' unconstitutional behavior.  (ECF 21, p. 31-32).  To the contrary, Plaintiff's allegations are, in essence, that DA Abraham maintained an official policy, custom, or practice of fabricating incriminating evidence, coercing false confessions, and suppressing exculpatory material in violation of Plaintiff's and others' constitutional rights and failed to provide adequate training, supervision, and discipline of ADA Desederio thereby causing ADA Desiderio to fabricate inculpatory evidence, to fail to disclose exculpatory evidence, and to coerce false testimony.  (ECF 1, at ¶ 224, 244, 306-307).  However, these allegations constitute nothing more than a formulaic recitation of the elements of a supervisory liability claim and are not entitled to the assumption of truth.  See Santiago v. Warminster Twp., 629 F.3d 121, 131-132 (3d Cir. 2010); see also Broadwater v. Fow, 945 F. Supp. 2d 574, 588 (M.D. Pa. 2013)(the court disregards a number of legal conclusions couched as factual allegations, such as Broadwater's averment that "[t]he Defendant supervisors

9

ignored a pattern of similar constitutional violations that occurred as a result of their actions or inactions"). In fact, particularly after <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), numerous courts have expressed uncertainty as to the viability and scope of supervisory liability. <u>See</u> <u>Santiago</u>, 629 F.3d at 130 & n.8 (citing <u>Bayer v. Monroe</u>, 577 F.3d 186, 190 n. 5 (3d Cir. 2009); <u>Dodds v. Richardson</u>, 614 F.3d 1185, 1194 (10th Cir. 2010); <u>Parrish v. Ball</u>, 594 F.3d 993, 1001 (8th Cir. 2010). As a result, the Complaint does not give rise to a plausible claim for relief against DA Abraham for supervisory liability.

## IV. CONCLUSION

Based on the foregoing, and for the reasons set forth in their Motion to Dismiss, Moving Defendants respectfully request that this Honorable Court grant the Motion to Dismiss and dismiss all claims against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _/s/ Joseph J. Santarone_

Date: December 28, 2021

Joseph J. Santarone, Esquire
Attorney ID: 45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire hereby certify that a true and correct copy of the foregoing was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

                                            **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

Date: December 28, 2021         Joseph J. Santarone, Esquire
Attorney ID: 45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com