UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THEOPHALIS (BINKY) WILSON <br><br> *Plaintiff,* <br><br> v. <br><br> CITY OF PHILADELPHIA; ET AL., <br><br> *Defendants.* | No. 2:21-cv-02057 |

**REPLY IN SUPPORT OF DEFENDANTS CITY OF PHILADELPHIA AND FRANK MARGERUM'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants the City of Philadelphia (the "City") and Frank Margerum reply in support of their partial motion to dismiss Plaintiff's complaint, as follows.

I. **INTRODUCTION**

On October 12, 2021, Defendants City of Philadelphia and Frank Margerum filed a Partial Motion to Dismiss Plaintiff's Complaint, seeking targeted dismissal of specific claims premised on rights that were not clearly established during the relevant time-period, and any claims lacking sufficient factual pleading. ECF No. 17. Namely, moving Defendants did not contest that Plaintiff's *Monell* claim against the City could proceed as to the Fourth Amendment malicious prosecution claim in Count I, the Fourth and Fourteenth Amendment claims for fabrication of evidence in Count II, and the Fourth and Fourteenth Amendment claims for fabricating and coercing evidence in Count III, and that the civil rights conspiracy and supervisory liability claims in Count V and VI would survive the partial motion to dismiss.

On December 10, 2021, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (ECF No. 22), voluntarily withdrawing their *respondeat superior* claim against the City, but opposing all other requested relief. Defendants now file the instant reply in support of

1

their Partial Motion to Dismiss Plaintiff's Complaint.

## II. ARGUMENT

### A. Plaintiff's Claims Against Retired Detective Frank Margerum Fail Because Plaintiff Fails to Plead Facts Establishing Retired Detective Margerum's Personal Involvement in Any of Plaintiff's Alleged Harms

As Defendants noted in their moving brief, only two (2) paragraphs of Plaintiff's three hundred and thirty-four (334) paragraph Complaint contain any specific factual allegations regarding actions by retired Detective Margerum. In response, Plaintiffs note that there are six (6) additional paragraphs that implicate Defendant Margerum's personal involvement (¶¶ 128-129, 240(c), 300, 301(b), 301(c)). ECF No. 22 at 11. Paragraphs 128 and 129 outline factual averments about information provided to "police" and fail to specifically identify Defendant Margerum. The remaining four paragraphs are nothing more than conclusory allegations and legal conclusions that are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). Indeed, many of the allegations contained within the Complaint are simply formulaic recitations of the required elements of the claims raised by the Plaintiff. *See generally* Compl. Plaintiff argues that identifying sub-groups of "PPD Officers" and "PPD Supervisors" is sufficient to survive a motion to dismiss. ECF No. 22 at 11-14. But simply creating sub-categories of defendants is not a mechanism that allows the Plaintiff to evade his burden of establishing the personal involvement of each individual defendant by well pleaded facts.

Defendants also noted in their motion to dismiss that because Plaintiff's Complaint contains no factual allegations connecting retired Detective Margerum with the investigation, arrest, and prosecution of *Plaintiff*, it fails to state a claim that retired Detective Margerum was personally involved in any, let alone all, of the claimed harms. ECF No. 17 at 5. Plaintiff offers no argument to the contrary and cites no instances of any such factual allegations in the Complaint, merely arguing that "[t]his conjecture is unfounded and ignores the burden Defendant bears to dismiss claims at this stage based on 'insufficiency.'" ECF No. 22 at 15. But

it is the Plaintiff who must put forth sufficient factual allegations to survive a motion to dismiss, and yet Plaintiff cites to none.

Finally, Plaintiff suggests that in their initial brief Defendants do not argue that Plaintiff did not sufficiently plead Defendant Margerum's participation in Plaintiff's state law claims. ECF No. 22 at 16. Not so. Defendants explain that to be held liable for an intentional tort, an actor must have engaged in the alleged tortious conduct…and then go on to argue that in the instant case no such allegation is made against Defendant Margerum in the expansive Complaint. *See* ECF No. 17 at 6. In opposition, Plaintiff fails to specify any individual action taken by Defendant Margerum in relation to his state law claims. Accordingly, those claims against Defendant Margerum should be dismissed.[1]

> **B. *Plaintiff's Fourteenth Amendment Malicious Prosecution, Withholding of Evidence (Counts II and III), Failure to Conduct a Constitutionally Adequate Investigation, and Failure to Intervene Claims Should be Dismissed Because Retired Detective Margerum is Entitled to Qualified Immunity***

Plaintiff argues that his Complaint does not set forth facts establishing qualified immunity, and as such, consideration of qualified immunity should be barred at this stage in the litigation. ECF No. 22 at 17-19. Because several claims that Plaintiff pursues in his Complaint

---

[1] Plaintiff also claims that Defendants' attempt to dismiss the state law intentional infliction of emotional distress claim as untimely is "unsupported by any legal authority and is instead contrary to established law." ECF No. 22 at 16. In support of his position, Plaintiff cites *Gilbert v. Feld*, 788 F. Supp. 854, 857 (E.D. Pa. 1992). A closer examination reveals that *Gilbert* provides no such support. Instead, the court in *Gilbert* found that Plaintiff's state law intentional infliction of emotional distress claim, albeit in conjunction with a §1983 wrongful arrest claim, ***was*** subject to a two-year statute of limitations. *Id*. at 862. The court did not bar the claim because the original complaint satisfied the statute of limitations and the IIED claim, while brought after the expiration of the statute of limitations, was filed in an amended pleading that was expressly permitted by court order. *Id.* Plaintiff's reliance on *Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 334 (E.D. Pa. 2017), is equally unavailing. In *Wright* the court found that the Plaintiff's §1983 claims, most analogous to the tort equivalent of malicious prosecution, did not accrue until after his conviction was vacated. Never did the court examine the accrual of ***any*** state law claim, and certainly no state law or §1983 claim premised on the tort of intentional infliction of emotional distress.

3

implicate rights that were not clearly established during the investigation and prosecution at issue, and because Plaintiff alleges that Defendant Margerum was at all times relevant to the Complaint a duly appointed and active officer of the PPD acting within the scope of his employment, Comp. ¶ 45, the identified claims to which qualified immunity applies are appropriately considered by the Court in an initial motion.

> 1. *Plaintiff Fails to Rebut Defendants' Well-Supported Argument that a Malicious Prosecution Claim Sounding in the Fourteenth Amendment Is Still Not Clearly Established*

Defendants argue in their moving brief that there is no clearly established Fourteenth Amendment procedural due process right against malicious prosecution, meriting the application of qualified immunity and dismissal of this claim in Count I. ECF No. 17 at 8-9. Plaintiff cites to *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014), in an effort to rebut this contention. ECF No. 22 at 19. But *Halsey* dealt solely with a **Fourth Amendment** malicious prosecution claim, which claim is not challenged by way of Defendant's initial motion. Because Plaintiff offers no law or argument that counters Defendants' well-supported argument, this Court should dismiss the Fourteenth Amendment malicious prosecution claim subsumed within Count I of the Complaint.

> 2. *The Attachment of* Brady *Disclosure Obligations to Police Officers Was Not Clearly Established Until 2005, Entitling Retired Detective Margerum to Qualified Immunity from this Claim*

In the motion to dismiss, Defendants relied upon recent district court opinions in which the court held that, pursuant to *Gibson v. Superintendent of New Jersey Dep't of Law & Public Safety – Division of Police*, 411 F.3d 427, 443 (3d Cir. 2005), the attachment of *Brady* obligations to police officers was not clearly established until 2005. ECF No. 17 at 9-10. The *Gibson* court analyzed the Supreme Court's determination, in *Kyles v. Whitley*, that prosecutors are responsible for disclosing any exculpatory information contained in police files, and assessed how or whether that decision implicated an independent constitutional obligation of police, not

4

prosecutors, to affirmatively disclose exculpatory information. The court noted that "[e]ven in 2000, this Court was only able to *assume* that police officers 'have an affirmative duty to disclose exculpatory evidence to an accused if only by informing the prosecutor that the evidence exists.'" *Id.* at 444 (quoting *Smith v. Holtz*, 210 F.3d 186, 197 n. 14 (3d Cir. 2000)).

In opposition, Plaintiff avoids addressing *Gibson* entirely, and posits several alternative arguments – all of which are unconvincing. First, Plaintiff argues that where an exact situation at issue is not addressed in case law, if a reasonable officer would know his actions offended the Constitution, he is not entitled to qualified immunity. ECF No. 22 at 20, citing *Taylor v. Rojas*, 141 S. Ct. 52, 53 (2020); *Halsey*, 750 F.3d at 295.[2] However, *Taylor* merely suggests that a case need not specifically address a factual scenario for the constitutional right at issue to be clearly established under decisional law. 141 S.Ct. at 53. Plaintiff's argument, and reliance on *Taylor*, ignore the very fact that the issue of *Brady* attachment *is* expressly addressed in Third Circuit case law, namely *Gibson*. Next, Plaintiff contends that the *Thomas* case cited by Defendants in their moving brief is both non-binding and wrongly decided, ECF No. 22 at 20-21, but then cites to the equally non-binding *Wright v. City of Philadelphia*, attempting to demonstrate that the right was clearly established as of 1991. Notably, the *Wright* court never addressed whether the attachment of *Brady* disclosure obligations to police officers was clearly established (and in fact did not examine qualified immunity at all). Finally, Plaintiff implicitly invites this Court to ignore the express and binding precedent of *Gibson* and instead look to non-circuit authority for guidance. ECF No. 22 at 21-22. This Court should decline to do so.

The *Gibson* opinion did not issue until 2005, after the arrest and prosecution at issue in this litigation. Given this timing, and the lack of a clearly established constitutional obligation

---

[2] Plaintiff goes on to claim that because his Complaint alleges that Defendant Margerum knew his conduct was constitutionally prohibited this is enough to overcome a claim for qualified immunity. Plaintiff's conclusory allegation is not sufficient to survive a motion to dismiss.

for police officers to affirmatively disclose exculpatory evidence at the time of Plaintiff's arrest and prosecution, the Defendant Margerum is entitled to qualified immunity from liability for this claim in Count II and III of the Complaint

### 3. Plaintiff Does Not Appear to Contest that Qualified Immunity Attaches to a Standalone Inadequate Investigation Claim

Defendants argued that there is no clearly established right to an adequate investigation, meriting the application of qualified immunity and dismissal of this claim in Count II. ECF No. 17 at 11-12. Responding in opposition, Plaintiff does not appear to contest that no such right exists under applicable law. ECF No. 22 at 24-25. As Plaintiff does not present law or argument that counters Defendants' well-supported argument, the Court should dismiss the "failure to investigate" claim subsumed within Count II of the Complaint.

### 4. Plaintiff Fails to Rebut Defendants' Well-Supported Argument that a Constitutional Obligation to Intervene in an Investigation is Not Well Established

Defendants argued that there is no clearly established right to intervention outside of the context of an application of force, meriting the application of qualified immunity and dismissal of this claim in Count IV. ECF No. 17 at 12-13. In support of this proposition, Defendants relied upon the *Ekwunife v. City of Philadelphia* case, in which the district court concluded that an Assistant District Attorney could not be liable for failure to intervene because, among other things, such a claim was generally only recognized in the context of a use of force. 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017). The Court found that this analysis applied with equal force to employees of the police department when, in *Thorpe v. City of Philadelphia*, it dismissed a failure to intervene claim brought against detectives. No. 19-5094, 2020 WL 5217396, at *11 (E.D. Pa. Sept. 1, 2020).

Plaintiff suggests in opposition that a police officer's failure to intervene in the midst of a constitutional violation has been recognized numerous times in the Third Circuit. ECF No. 22 at

22-23, citing to *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *Garbacik v. Janson*, 111 F. App'x 91, **3 (3d Cir. 2004). What Plaintiff fails to mention is that both *Smith* and *Garbacik* involved excessive use of force. The *Smith* case is specifically about a correctional officer who observed other officers beating the plaintiff but failed to stop them from doing so. The court found that the case law applicable to police officers who fail to intervene in an excessive use of force applies equally to correctional officers who engage in the same alleged conduct. *Smith*, 293 F.3d at 650-51. Likewise, the *Garbacik* case involved excessive use of force claims against Pennsylvania State Troopers. The court found that a nonsupervisory employee's duty to intervene was clearly established at the time of the incident. *Garbacik*, 111 F. App'x at **3. Nothing in *Smith* or *Garbacik* suggests that the duty to intervene applies outside the context of a use force, or undermines the *Thorpe* court's conclusion that, as quoted in Defendants' moving brief, "it was not sufficiently clear that reasonable officers would have understood that failing to intervene when confronted with another's fabrication and withholding of evidence" would violate the plaintiff's constitutional rights. 2020 WL 5217396, at *11.

      Plaintiff also suggests that *Wright* and *Cash v. Wetzel*, 8 F. Supp. 3d 662 (E.D. Pa. 2014) support his contention that a failure to intervene claim can be brought in the non-force context. Again, Plaintiff's reliance on *Wright* is misplaced, as the Court never grappled with whether failure to intervene in an investigation violated a clearly established right (and never examined qualified immunity at all). *Wright*, 229 F. Supp. 3d at 338-39. While the court in *Cash* admittedly recognized a failure to intervene claim outside of the excessive force context, the court engaged in no discussion of whether failure to intervene was a clearly established right and premised its holding on an Eastern District case that squarely dealt with excessive use of force. *Cash*, 8 F. Supp. at 662-63. In the absence of controlling law to the contrary, this Court should be guided by the substantial authority concluding that no such right was clearly established, and Defendant Margerum is entitled to qualified immunity from liability for this claim in Count IV.

### C. *Plaintiff Fails to Establish Part of his <u>Monell</u> Claim Against the City*[3]

Plaintiff suggests that all claims in Counts I-VI of his Complaint should proceed against the City under a *Monell* theory of liability. ECF No. 22 at 27-34. The City does not contest that *some* of Plaintiff's *Monell* claim should proceed, it simply argues that the portions of Plaintiff's claims involving violations of rights that were not clearly established at the time of the events at issue, specifically the Fourteenth Amendment malicious prosecution (via Count I); withholding of evidence (via Count II and also Count III), failure to conduct a constitutionally adequate investigation (via Count II), and failure to intervene (Count IV) should be dismissed.[4] This is because the City cannot be ***deliberately indifferent*** to rights that are not clearly established.

Plaintiff mistakenly argues that the City asks this Court to substitute a qualified immunity standard for its *Monell* claim analysis. *Id*. at 30. This misconstrues the City's argument. The examination of whether a right is "clearly established" is the lens through which the Court should examine whether Plaintiff can sufficiently plead deliberate indifference, as is required to establish municipal liability under *Monell*. Importantly, Plaintiff does not contest that to succeed on a *Monell* claim he must plead deliberate indifference on the part of the City. *Id*. at 27-29. And Plaintiff cites to no case for the proposition that whether a right was "clearly established" is inapplicable to the deliberate indifference requirement of a *Monell* claim.

---

[3] Plaintiff suggests that Defendants argue in their Motion that the attachment of Exhibits A and B to his Complaint is inappropriate, and that the Court should not consider those documents. ECF No. 22 at 26-27. This is not the case. Defendants simply argue that representations made by the Conviction Integrity Unit are not ***admissions*** that are binding on the City of Philadelphia for the purpose of establishing municipal liability.

[4] Defendants also argue that some of Plaintiff's claims against the City incorrectly attribute municipal liability to the City where the actions at issue are attributable to the District Attorney's Office. Defendants note that Plaintiff's suggestion that they be permitted to amend their Complaint to hold the proper party responsible, ECF No. 22 at 25, should the Court find the actions attributable to the Philadelphia District Attorney's Office or Defendant Lynn Abraham, is inappropriate. As Plaintiff well knows Rule 15 outlines the proper procedure by which pleadings may be amended. *See* Fed. R. Civ. P. 15.

While the Third Circuit has yet to examine whether a right that is not clearly established at the time of the alleged violation can support municipal liability, courts in this district (and several Courts of Appeals) have repeatedly held that when a right is not clearly established a municipality cannot be deliberately indifferent to it. *See Outlaw v. City of Philadelphia*, No. CV 21-1290, 2021 WL 3471168, at *7-8 (E.D. Pa. Aug. 6, 2021); *see also Lewis v. City of Philadelphia*, No. CV 18-2847, 2020 WL 1683451, at *12 (E.D. Pa. Apr. 6, 2020) (collecting Court of Appeals decisions holding that a municipality cannot be liable for rights not clearly established); *Dennis v. City of Philadelphia*, 379 F. Supp. 3d 420, 435 (E.D. Pa. 2019); *Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 387 (E.D. Pa. 2018).

Attempting to save the entirety of his *Monell* claim, Plaintiff argues that *Wright v. City of Philadelphia*, 229 F. Supp. 3d 322 (E.D. Pa. 2017) is almost identical to the instant case and that this Court should likewise deny the City's motion to partially dismiss Plaintiff's *Monell* count. ECF No. 22 at 30-32. Plaintiff is incorrect. The Court in *Wright* never specifically examined whether the underlying claims constituted clearly established rights, and did not engage in an analysis of *Monell's* deliberate indifference standard. Instead, in *Wright*, the City challenged Plaintiff's *Monell* claim solely on the bases that the Complaint failed to identify a specific municipal policymaker and failed to put forth factual allegations pertaining to conduct by a specific policymaker. *Wright*, 229 F. Supp. 3d at 336. The only question before the court was whether the Complaint adequately alleged unconstitutional practices that were sufficiently widespread as to be ascribed to municipal policymakers. *Id*. at 336-37. The same judge, when presented in *Thomas* with the argument now before the Court regarding the viability of a *Monell* claim predicated on constitutional rights that were not clearly established, found that "[b]ecause the rights at issue in the claims for Fourteenth Amendment malicious prosecution, *Brady* violations, and failure to investigate were not clearly established in 1994, the Court dismisses the *Monell* count as to [those] claims." *Thomas*, 290 F. Supp. 3d at 387.

This Court should be guided by similar analyses of other courts in this District, and other Courts of Appeals, in finding that because the rights at issue in Plaintiff's claims for Fourteenth Amendment malicious prosecution, withholding of evidence, failure to conduct a constitutionally adequate investigation, and failure to intervene were not clearly established at the time in question, and thus the City could not be deliberately indifferent to them, these portions of the *Monell* count should be dismissed.

### D.  Plaintiff Cannot Pursue his State Law Claims Against the City of Philadelphia

Plaintiff has voluntarily withdrawn Count XI of his Complaint, and the City need not address his state law claim for *respondeat superior* further. As to the remainder of Plaintiff's state law claims against the City, Plaintiff offers no argument challenging Defendant's contention that the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. § 8541, immunizes the City from liability for the intentional tort claims of malicious prosecution and intentional infliction of emotional distress. *See generally* ECF No. 22. Accordingly, Counts VIII and IX against the City should also be dismissed.

## III.  CONCLUSION

For all of the foregoing reasons, in addition to those previously set forth in the Defendants' pending partial motion to dismiss, Defendants respectfully request that this Court grant the partial motion and dismiss Plaintiff's claims as detailed therein.

    Respectfully submitted,

    CITY OF PHILADELPHIA LAW DEPARTMENT
    DIANA CORTES, CITY SOLICITOR

Dated: January 10, 2022    /s/ *Danielle E. Walsh*
    DANIELLE WALSH (PA ID No. 312438)
    Deputy City Solicitor
    CITY OF PHILADELPHIA LAW DEPARTMENT
    1515 Arch Street, 15th Floor
    Philadelphia, PA 19102
    Phone: (215) 686-0464
    *Counsel for Defendants City of Philadelphia and Frank Margerum*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, I caused a true and correct copy of the foregoing Reply in Support of Defendants City of Philadelphia and Frank Margerum's Motion to Dismiss Plaintiff's Complaint to be served via CM/ECF filing upon counsel for all parties.

                                                  /s/ *Danielle E. Walsh*
                                                  Danielle E. Walsh, Deputy City Solicitor

Dated: January 10, 2022