# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEOPHALIS (BINKY) WILSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF PHILADELPHIA, PENNSYLVANIA; FORMER DISTRICT ATTORNEY LYNNE ABRAHAM; FORMER ASSISTANT DISTRICT ATTORNEY DAVID DESIDERIO, et al. | ) Case No. 2:21-cv-02057-JMY |
| | ) |
| **Defendants.** | ) |

## [PROPOSED] ORDER

AND NOW, this ____ day of _____, 2022, upon consideration of Plaintiff's Motion and Supporting Memorandum for Leave to File an Amended Complaint under FRCP 15, it is hereby ORDERED that the Motion is granted. Plaintiff may file his First Amended Complaint attached as Exhibit A to the motion.

_____
Judge John Milton Younge

48127740v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEOPHALIS (BINKY) WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-02057-JMY |
| | ) |
| CITY OF PHILADELPHIA, PENNSYLVANIA, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR
LEAVE TO FILE AN AMENDED COMPLAINT UNDER FRCP 15**

Plaintiff Theophalis (Binky) Wilson ("Wilson"), by and through his undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 15, hereby moves for leave to amend his complaint to change the names of individual defendants who have been determined to be deceased to the personal representatives of those defendants' estates. In support hereof, Plaintiff states as follows:

1. Federal Rule of Civil Procedure 15 FRCP 15(A)(2) provides that if a pleading is to be amended outside the time within which it could be amended as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

2. "Rule 15(a) declares that leave to amend 'should be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (citation omitted). The general rule is that the grant or denial of leave to amend is within the discretion of the trial court and will not be disturbed, absent an abuse of that discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971).

48108195v1

3. Absent some justification for denial, such as "undue delay, bad faith, dilatory motive, prejudice, and futility," refusal to grant leave to amend would be an "abuse of discretion and inconsistent with the spirit of the Federal Rules." *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410 (3rd Cir. 1997) (quoting *Foman v. Davis, supra*).

4. Wilson requests to amend his Complaint for the sole purpose of naming the proper parties for individual defendants who were named in the original Complaint but have been determined to be deceased (and to voluntarily dismiss Court XI of the Complaint).

5. Wilson intends to substitute the name of each deceased individual with such individual's estate's personal representative as the proper party to this lawsuit.

6. It has taken some time to determine which individuals were deceased, and to find all the necessary information to open (or reopen) the estates and to ensure that a personal representative has been (or will be) appointed for purposes of accepting service of this lawsuit.

7. There has been no undue delay, bad faith or dilatory motive on the part of Plaintiff with regard to this requested amendment, nor will there be any undue prejudice to the opposing parties by virtue of the requested amendment.

8. This amendment is necessary to name the proper party for the individual deceased defendants and is not futile.

9. Although the opposing parties have now fully briefed motions to dismiss, the proposed amendment is not substantive (other than to dismiss Count XI) and will have no impact on those motions.

10. Plaintiff's proposed Amended Complaint is filed herewith as **Exhibit A.**

11. Both counsel for Defendants Desiderio and Abraham, and counsel for the Defendants City of Philadelphia, Margerum, Hollinshead and Harris do not object to Plaintiff's Motion for Leave to Amend.

12. Plaintiff requests that leave be granted so that he can file his Amended Complaint naming the proper parties on or before January 20, 2022.

WHEREFORE, Plaintiff respectfully requests that this Court grant him leave to file the Amended Complaint attached hereto as Exhibit A on or before January 20, 2022.

Date:  January 13, 2022                          Respectfully submitted,

By: /s/ *Kimberly K. Winter*
Michael J. Abrams (Admitted *Pro Hac Vice*)
Kimberly K. Winter (Admitted *Pro Hac Vice*)
Alana McMullin (Admitted *Pro Hac Vice*)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
michael.abrams@lathropgpm.com
kim.winter@lathropgpm.com
alana.mcmullin@lathropgpm.com

and

Francesco P. Trapani
KREHER & TRAPANI LLP
Two Penn Center Plaza
1500 John F. Kennedy Blvd., Suite 900
Philadelphia, PA  19102
Telephone: (215) 907-7289
frank@krehertrapani.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I caused a true and correct copy of the foregoing Plaintiff's Motion to be served via CM/ECF filing upon counsel for all parties.

/s/ *Kimberly K. Winter*
One of the Attorneys for Plaintiff

3