# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THEOPHALIS (BINKY) WILSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PHILADELPHIA,<br>PENNSYLVANIA, *et al.*<br><br>    Defendants. | Civil Action No. 2:21-cv-02057-JMY |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 24, 2022 and submit the following report of their meeting for the court's consideration:

**1. Discussion of Claims, Defenses and Relevant Law**

The parties jointly submit the following case summary:

Plaintiff brings suit under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights and Pennsylvania law in connection with the 1993 prosecution and conviction of Theophalis Wilson by the Philadelphia Police Department and the District Attorney's Office. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 42 U.S.C. § 1983. Section 1983 authorizes civil actions to recover damages for constitutional violations. Plaintiff seeks relief for violations of his constitutional rights by individual officers of the Philadelphia Police Department as well as individual prosecutors from the District Attorney's Office, which caused Plaintiff's conviction and subsequent 28 years of incarceration. Plaintiff filed a First Amended Complaint on January 24, 2022. Plaintiff's claims are as follows:

  Count I: 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

  Count II: 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation in Violation of the Fourth and Fourteenth Amendments

  Count III: 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating and Coercing Evidence and Withholding Material Exculpatory and Impeachment Evidence in Violation of the Fourth and Fourteenth Amendments

      Count IV: 42 U.S.C. § 1983 Failure to Intervene

      Count V: 42 U.S.C. § 1983 Civil Rights Conspiracy

      Count VI: 42 U.S.C. § 1983 Supervisory Liability Claim

      Count VII: 42 U.S.C. § 1983 Monell Claim

      Count VIII: Malicious Prosecution under Pennsylvania state law

      Count IX: Intentional or Reckless Infliction of Emotional Distress under Pennsylvania state law

Plaintiff alleges that the facts supporting the above claims are contained in the First Amended Complaint, which includes allegations that Defendants coerced or otherwise fabricated the statement and testimony of James White, fabricated other, false inculpatory evidence to support that coerced confession, and suppressed exculpatory evidence that would have impeached the prosecution's witnesses and contradicted its version of events at trial, among other things.

Primary threshold issues involved in this action are currently the subject of two motions to dismiss Plaintiff's claims filed by Defendants City of Philadelphia, Frank Margerum, David Desiderio and Lynne Abraham, which are now fully briefed. *See* Docs. 16 and 17.

Defendant Frank Margerum contends that he should be dismissed from this case, alleging that the Complaint is devoid of any allegations that he was personally involved in the investigation, arrest or prosecution of the Plaintiff. Defendant Margerum and the City of Philadelphia further contend that a number of Plaintiff's claims should be dismissed as a matter of law. The City maintains that sufficient probable cause existed for the arrest and prosecution of the Plaintiff and that the Philadelphia police did not fabricate or coerce any evidence

Defendant District Attorney Lynne Abraham contends that she should be dismissed on the basis that her personal involvement was not alleged in the Complaint. As to Defendant, David Desiderio the Motion to Dismiss is outstanding. Defendants Abraham and Desiderio also contend that if the matter proceeds past the Motion to Dismiss, discovery will show the following: (1) that James White was the source of all information regarding the identity of the murderers, including Theophalis Wilson, (2) that it was James White who brought these names to the Detectives and the Detectives in turn then brought the information to the prosecutors, (3) there was no reason for White to implicate any specific individuals, unless they were actually involved, and (4) there would be no reason at all for the police or the prosecutor to even know of these individuals before White brought them to their attention. Further, Defendants Abraham and Desiderio contend that the Complaint itself points out it was not until 20 years later that White "recanted." Defendant also alleges that at no time did David Desiderio fabricate any evidence

Further, Plaintiff and Defendants are working together to determine the remaining locations and decedent status of the Individual Defendant officers, and to effect proper service.

## 2. Informal Disclosures

The parties provided the information required by Fed. R. Civ. P. 26(a)(1)(c) on January 25, 2022, in compliance with the Court's Order. In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures will be made available for inspection and copying by **February 25, 2022.**

## 3. Formal Discovery

The parties jointly propose to the court the following discovery plan:

A. Discovery is needed on the following specific subjects:

All subjects relevant to Plaintiff's claims, including but not limited to, the 1989 investigation into the murders of Kevin Anderson, Gavin Anderson and Otis Reynolds in Philadelphia, Pennsylvania, all events and circumstances relating to Theophalis Wilson and his co-defendants' prosecution and wrongful conviction, facts relevant to Plaintiff's *Monell* claim, Plaintiff's damages, the individual Defendants' personnel records, including disciplinary histories, and the City of Philadelphia Police Department and Philadelphia District Attorney's Office's policies, practices, and procedures relating to police investigations, supervisory practices, prosecutor's role in the case, and internal investigations of police and prosecutor conduct. Defendants intend to pursue discovery to determine if Plaintiff has evidentiary support for his claims.

B. Due to the number of defendants in this case, the fact that a government entity is a named party, the span of time over which Plaintiff alleges the wrongful acts giving rise to this case occurred, and the complexity of the issues and defenses involved, the Parties agree that fact discovery will be commenced or served in time to be completed by **November 18, 2022.**

C. Counsel for the parties do not anticipate any problems in regard to discovery. If a problem does arise, counsel agrees to meet and confer regarding the issue and attempt to reach a resolution prior to filing a motion with this Court.

D. The parties do not anticipate an unusually voluminous production of electronically stored information (ESI) in this case, nor do they currently foresee any specific concerns or issues relating to ESI. Any ESI produced in discovery will be in .PDF format where possible. If conversion of files to .PDF format cannot be reasonably achieved, the ESIs will be produced in the format in which it is maintained by the party in the ordinary course of business. The parties agree to reserve the right to seek production of ESI in native format if circumstances so justify. Justifying circumstances include, but are not limited to, when the authenticity and accuracy of a paper or .PDF document is called into question and production of the same document in native format will assist in determining authenticity and accuracy.

E. With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order as follows:

    The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will, on request of the producing party, return the information to the producing party and destroy all copies of the privileged information. If the claim of privilege is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

F. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to by parties in this case:

    The parties have agreed that counsel for Christopher Williams may have access to written discovery and participate in all depositions for use in proceeding in *Christopher Williams v. City of Philadelphia, et al*., Case No. 2:21-CV-05268 in the Eastern District of Pennsylvania, in order to conserve judicial resources and avoid duplication of witnesses' time.

G. The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

H. Additionally, the parties intend to submit a proposed protective order for the Court's consideration.

### 4. Expert Witness Disclosures

The parties agree that expert discovery should take place two months after the close of fact discovery in this case, and anticipate that depositions of the parties' experts will be needed.

The parties also agree that expert disclosures should be staggered due to the extent of Plaintiff's claims, the anticipated document production between the parties, and the likelihood of numerous fact witness depositions. The parties propose the following sequence of expert discovery:

A. Plaintiff's disclosures are due on **December 22, 2022**.

B. Defendants' disclosures would be due one month later on **January 30, 2023.**

C. Any rebuttal expert disclosures from Plaintiff would be due three weeks later on **February 10, 2023.**

D. The parties agree that the deadline for expert depositions will be **March 10, 2023.**

E. The parties agree that the deadline for filing Dispositive Motions, including motions for summary judgment will be two weeks after the close of expert discovery, **March 24, 2023**.

F. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999), or similar case law, unless they are case dispositive, will be filed by thirty (30) days before trial. Motions which may be case dispositive are due by the summary judgment deadline established in the previous paragraph.

5. **Early Settlement or Resolution**

The parties had a brief discussion regarding the use of an alternative dispute resolution process ("ADR") at their Rule 26(f) planning conference. Plaintiff is amenable to conduct a mediation within 120 days of the scheduling conference, and Defendants suggest mediation occur after some discovery has been conducted into Plaintiff's *Monell* claims. Given that discovery is at its early stages, Defendants do not yet know when a mediation would be helpful. Defendants propose that the parties report to the Court as soon as both sides believe that a mediation would be productive.

6. **Magistrate Jurisdiction**

The parties do not consent to the matter being transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c) or Fed. R. Civ. Proc. 73.

7. **Trial date**

The Plaintiff has demanded a jury trial, and the parties expect they will be ready for trial in the month of May, 2023. The trial is expected to take approximately two weeks.

8. **Other Matters**

None at this time.

Dated: February 2, 2022

/s/ *Michael J. Abrams*
Michael J. Abrams (Pro Hac Vice)
Kimberly K. Winter (Pro Hac Vice)
Alana McMullin (Pro Hac Vice)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
(816) 292-2000 / Fax (816) 292-2001
michael.abrams@lathropgpm.com
kim.winter@lathropgpm.com
alana.mcmullin@lathropgpm.com

Francesco P. Trapani, Esquire
PA Bar ID No. 209123
KREHER & TRAPANI LLP
Two Penn Center Plaza, Suite 900
1500 JFK Boulevard
Philadelphia, PA 19102
(215) 907-7289 / Fax (215) 907-7287
Frank@krehertrapani.com

*Attorneys for Plaintiff*

/s/ *Danielle Walsh*
Danielle Walsh
(PA ID No. 312438)
Deputy City Solicitor
City Of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
Danielle.Walsh@phila.gov

*Counsel for Defendants City of Philadelphia and Frank Margerum*

/s/ *Joseph J. Santarone*
Joseph J. Santarone, Esquire
Attorney ID: 45723
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jjsantarone@mdwcg.com

*Counsel for Defendants David Desiderio and Lynne Abraham*