**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| THEOPHALIS (BINKY) WILSON, Plaintiff, | : : : : | |
| v. | : : | 2:21-cv-02057-JMY |
| CITY OF PHILADELPHIA, et al., Defendants. | : : : : : : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant John Grier's Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's claims against former Officer John Grier are **DISMISSED**.

_____

JUDGE JOHN MILTON YOUNGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEOPHALIS (BINKY) WILSON, <br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br> Defendants. | : <br> : <br> : <br> : <br> : <br> : **2:21-cv-02057-JMY** <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT JOHN GRIER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant John Grier ("Moving Defendant") moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). In support of this motion, Moving Defendant incorporates the attached Memorandum of Law, and respectfully requests that this Court grant his motion for the reasons more fully set forth in the Memorandum.

WHEREFORE, Moving Defendant respectfully requests that this Court grant his Motion to Dismiss, and dismiss all portions of Plaintiff's Complaint directed towards Moving Defendant with prejudice pursuant to Rule 12(b)(6) for the reasons stated in the accompanying Memorandum of Law.

Respectfully submitted,

Dated: June 17, 2022

/s/Alison J. Guest
ALISON J. GUEST (Pa. ID No. 202551)
**AHMAD ZAFFARESE LLC**
1 South Broad Street, Suite 1810
Philadelphia, PA 19107
Counsel for Defendant John Grier

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEOPHALIS (BINKY) WILSON, <br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br> Defendants. | : <br> : <br> : <br> : <br> : <br> :  2:21-cv-02057-JMY <br> : <br> : <br> : <br> : <br> : |

## DEFENDANT JOHN GRIER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### I.  INTRODUCTION

In his Complaint, Plaintiff Theophalis (Binky) Wilson alleges that Philadelphia police officers and detectives ("PPD") and Philadelphia District Attorney's Office prosecutors ("PDAO"), took unconstitutional actions resulting in his wrongful conviction. Consequently, he served twenty-eight years in prison for three homicides he did not commit. In general terms, Plaintiff claims that the defendant police officers and detectives failed to pursue active leads in three fatal shootings. They surmise that this alleged inaction allowed the investigation to grow cold until prison informant James White gave allegedly false information implicating Plaintiff in the three shootings. See generally Plaintiff's Amended Complaint, ECF No. 37. Plaintiff's nine-count Amended Complaint alleges that the defendants violated state and federal law.

The specific claims are as follows:

- Count I:   Malicious Prosecution, in violation of the Fourth and Fourteenth Amendments, as to all Defendants;

- Count II:   Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation, in Violation of the Fourth and Fourteenth Amendments, as to all Defendants;

- Count III:   Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating and Coercing Evidence and Withholding Material Exculpatory and Impeachment Evidence in Violation of the Fourth and Fourteenth Amendments, as to all Defendants;

- Count IV:   Unconstitutional Failure to Intervene, as to all PPD Officers and Supervisors, and former Philadelphia District Attorney Lynne Abraham;

- Count V:   Civil Rights Conspiracy, as to all Defendant PPD Officers and Supervisors;

- Count VI:   Supervisory Liability Claim, as to Defendants the City of Philadelphia, PPD Supervisors and Former District Attorney Lynne Abraham;

- Count VII: Monell Claim, Unconstitutional Customs, Policies and Practices, as to the City of Philadelphia;

- Count VIII: Malicious Prosecution under Pennsylvania state law, as to all Defendants;

- Count IX:   Intentional or Reckless Infliction of Emotional Distress under Pennsylvania state law, as to all Defendants.

Moving Defendant, former Philadelphia Police Officer John Grier ( "Moving Defendant") now moves to dismiss Plaintiff's claims against him, as follows.

## II.   RELEVANT FACTUAL BACKGROUND[1]

For purposes of this motion, the allegations of Plaintiff's 330-paragraph Amended Complaint will be distilled to its most salient points. Three men, Kevin Anderson, his brother Gavin Anderson, and Otis Reynolds were shot and killed in similar fashion within a

---

[1] Solely for purposes of this Motion to Dismiss, and as he must, Moving Defendant accepts as true facts as pleaded in Plaintiff's Amended Complaint. <u>Markowitz v. Northeast Land Co.</u>, 906 F.2d 100, 103 (3d Cir. 1990); see also <u>Conley v. Gibson</u>, 335 U.S. 41, 47 (1957). Moving Defendant does not, however, concede that all allegations in the Amended Complaint are supported by a factual basis following a reasonable investigation.

two-mile radius of each other between September 25 and September 26, 1989. Am. Compl., ECF No. 37, ¶ ¶ 3, 52-54, 69-70, 75-76. During the initial investigation of these murders (the "three homicides"), the Philadelphia Police Department (the "PPD") determined that all three victims were likely associated with the Jamaican Shower Posse gang, which was then engaged in a territorial dispute with the Junior Black Mafia gang. Id. at ¶ ¶ 3-5, 89-90. 92.

Notwithstanding potential leads developed through this intelligence, two years passed after the three homicides with no suspects arrested. Id. at ¶ ¶ 53-85, 121-40. It was then that the PPD defendants allegedly coerced an informant named James White ("White") into implicating Plaintiff in the murders, identifying him by name and in a series of photographs. Id. at ¶ ¶ 53-85, 142-167. Plaintiff contends that he was convicted of the three homicides sheerly as a result of White's false identification, and that no other evidence connected him to the crimes. Id. at ¶ ¶ 4, 12, 141, 167. Plaintiff's Amended Complaint alleges that over twenty individuals, and/or entities, in addition to Moving Defendant, are individually and collectively responsible for his alleged wrongful prosecution, conviction, and incarceration. See generally Am. Compl., ECF No. 37.

With regard to Moving Defendant, Plaintiff presents a sole factual allegation wholly contained in a single paragraph of the 330-paragraph Amended Complaint. Plaintiff contends that shortly after the three homicides, Moving Defendant,[2] through a confidential informant, confirmed a tip that a suspect known as "Q,"—who had vowed to "take care of the Jamaicans,"—was selling drugs and firearms two blocks from where the Junior Black

---

[2] As a point of clarity, Plaintiff mischaracterizes Moving Defendant's rank within the PPD as "a detective at the time of this investigation." See Am. Compl. at ¶44. In fact, Moving Defendant was a mere patrol officer.

3

Mafia had warned the three homicide victims not to sell drugs. Plaintiff simply concludes his allegations against Defendant by stating, "[t]his information was never disclosed." See Am. Compl. at ¶110.[3] Plaintiff fails to allege any other facts against Moving Defendant.

### III. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must, at bare minimum, contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not set forth detailed factual allegations. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

Courts reviewing a motion to dismiss "are not bound to accept as true a legal conclusion couched as a factual allegation." Id., quoting Papasan v. Allain, 478 U.S. 265, 286 (1986). Courts must recognize that legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662 (2009).

---

[3] In a memorandum dated September 13, 1989, 12th Police District Commanding Officer Captain Joseph P. Fox included the information allegedly provided by Officer Grier in a memorandum to the Deputy Commissioner of Operations regarding intelligence information gathered on the ongoing dispute between the Jamaican Shower Posse and Junior Black Mafia organizations. As a mere patrol officer, it strains the imagination to see how Moving Defendant could be civilly liable for any purported failure to disclose information on the part of someone else—either his supervising officer or the prosecution—after Moving Defendant properly reported the relevant information to his superiors.

**IV.     ARGUMENT**

As a prefatory matter, all Plaintiff's claims against Moving Defendant fail because he has not, and cannot, plead sufficient facts to establish Moving Defendant's personal involvement in any of Plaintiff's allegedly suffered harms.

Even if Plaintiff had pled an adequate factual basis to show Moving Defendant's personal involvement in the alleged wrongs giving rise to Plaintiff's Amended Complaint, and he has not, Plaintiff's claims against Moving Defendant are legally insufficient.  Moving Defendant is entitled to qualified immunity on many of Plaintiff's federal claims, including malicious prosecution, withholding of evidence, inadequate investigation, and failure to intervene, because the constitutional rights underlying these claims were not clearly established at the time of the triple homicide investigation or Plaintiff's conviction. Additionally, Plaintiff's claim of intentional infliction of emotional distress, pursuant to state law, is barred by the applicable statute of limitations.  For all these reasons, explained more fully below, Plaintiff's claims against Moving Defendant should be dismissed as a matter of law.

**A.     Plaintiff's Claims Against Former Officer John Grier Fail Because Plaintiff Fails to Plead Facts Establishing Moving Defendant's Personal Involvement in Any Alleged Wrongs to Plaintiff.**

It is beyond cavil that liability for a civil rights claim cannot be imputed vicariously. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Instead, a "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d. Cir. 1988); see also Iqbal, 556 U.S. 662 at 676 ("[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the defendant's own actions, has violated the Constitution.")

Here, Plaintiff seeks to hold Moving Defendant liable for federal, constitutional claims of malicious prosecution, fabrication of evidence, withholding of evidence, deliberately failing to conduct a constitutionally adequate investigation, failure to intervene, civil rights conspiracy, with additional state law claims of malicious prosecution and intentional infliction of emotional distress. But, as set forth above, only a single paragraph of the 330 paragraphs comprising the Amended Complaint makes any factual allegations implicating Moving Defendant. Plaintiff merely states that Moving Defendant received a tip, indicating that a suspect in the triple investigation had been selling drugs and firearms in an area where the victims had been warned not to sell drugs, and confirmed it through "his" Confidential Informant. Plaintiff goes on to say that "[t]his information was never disclosed." See Am. Compl., at 44, 110.

However, the Amended Complaint does not state who should have disclosed this information, or to whom the information should have been disclosed. Specifically, the Amended Complaint is devoid of any allegation that Moving Defendant failed to disclose the information he received, either to his superior officers, or anyone else. Plaintiff does not even contend that Moving Defendant was assigned to the murder investigation or that Moving Defendant was involved directly, or even tangentially, in Plaintiff's prosecution. Indeed, Moving Defendant's only nexus to Plaintiff appears to be that, while exercising his duties as a law enforcement officer, he received a tip regarding a murder. Id. at 44, 110. This failure is fatal to Plaintiff's claims against Moving Defendant.

6

If Plaintiff's sparse allegations against Moving Defendant are deemed sufficient to prevail at this stage, the result would be preposterous. Indeed, this would suggest that police officers, regardless of rank or responsibility, have a *legal responsibility* to review the case file in every criminal matter they have ever handled, and ensure that even tangential information they obtained—and subsequently provided to their superior officer—is memorialized and ultimately disclosed to a future criminal defendant. Clearly, the imposition of such a legal obligation would be untenable for the timely investigation and prosecution of crime. As Plaintiff's Amended Complaint contains no factual allegations connecting Moving Defendant with the investigation, arrest, or prosecution of Moving Defendant, it fails to state a claim that Moving Defendant was personally involved in any, let alone all, of Plaintiff's claimed constitutional wrongs. See e.g. Williams v. Papi, 714 Fed. Appx. 128, 2017 U.S. App. LEXIS 21091, at 13 (3d. Cir. 2017) (reiterating that a government official can only be liable for his or her own conduct, and that they accordingly must have some sort of personal involvement in the alleged violation). Accordingly, Plaintiff's claims constitutional claims against Moving Defendant must be dismissed.

Plaintiff's inability to plead Moving Defendant's personal involvement in Plaintiff's alleged wrongs likewise dooms Plaintiff's intentional tort claims brought under state law. See e.g., Gagliardi v. Lynn, 446 Pa. 144, 148 n.2 (1971) (defining elements of false imprisonment liability, to include "an actor" as one "acts" to bring about the requisite elements of the tort.) Here, Plaintiff's Complaint does not even suggest that Moving Defendant "acted" in any way to bring about Plaintiff's alleged harms.

Plaintiff's state law claim for intentional emotional distress fails for the additional reason that it is barred by the applicable statute of limitations. See 42 Pa. Cons. Stat. Ann.

7

§ 5524(1), (7). Moving Defendant's extremely limited involvement in the triple homicide investigation ended two years before Plaintiff was even identified as a suspect, let alone arrested and prosecuted.

Plaintiff's Amended Complaint, and its dearth of factual allegations regarding Moving Defendant, falls woefully short of pleading Moving Defendant's personal involvement in any of the alleged constitutional or tort harms committed against Plaintiff. Thus, all Plaintiff's claims against Moving Defendant should be dismissed.

> **B.    Plaintiff's Fourteenth Amendment Malicious Prosecution, Withholding of Evidence (Counts II and III), Failure to Conduct a Constitutionally Adequate Investigation, and Failure to Intervene Claims Should be Dismissed Because the Officer Moving Defendant is Entitled to Qualified Immunity.**

Even if Plaintiff were able to plead Moving Defendant's personal involvement in any alleged constitutional harm—and he clearly cannot—several of the federal claims that Plaintiff attempts to bring implicate rights that were not clearly established at the time of the homicides. Should the Court decline to dismiss Plaintiff's claims against Moving Defendant based on his lack of personal involvement, it should dismiss the counts delineated below on grounds of qualified immunity.

Qualified immunity shields public officials from liability unless it is unquestionable that the federal right said officials allegedly violated was "clearly established at the time of the challenged conduct." See George v. Rehiel, 738 F.3d 562, 572 (3d. Cir. 2013) (internal citations omitted). A right only qualifies as clearly established if its "contours … are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." See Ashcroft v. Al-Kidd, 563 U.S. 731, 741 (2011) (citations and quotations omitted) (emphasis supplied). Moreover, a right must be established in the

8

light of the specific context of the case, not as a broad general proposition." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015).  District Courts must give serious consideration to qualified immunity arguments made in motions to dismiss, because qualified immunity provides defendants "an entitlement not to…face the…burdens of litigation." See Rehiel, 738 F.3d at 571.  "Accordingly, any claim of qualified immunity must be resolved at the earliest possible stages of litigation." Id. (internal citations omitted) (reversing district court's denial of a motion to dismiss based on qualified immunity after the district court stated that such immunity "may be clarified by discovery.")

    **1.** **Plaintiff's Malicious Prosecution Claim Sounding in the Fourteenth Amendment Implicates a Right Still Not Clearly Established, Entitling Moving Defendant to Qualified Immunity.**

Moving Defendant first addresses Plaintiff's malicious prosecution claim, in violation of the Fourteenth Amendment, set forth in Count I of his Amended Complaint. This Court has repeatedly acknowledged that the existence of a procedural due process right against malicious prosecution remains an unsettled question of law.  See e.g. Thomas v. City of Philadelphia, 290 F. Supp. 3d 371, 380-82 (E.D. Pa. 2018).  Consistent with the requirement that entitlement to qualified immunity is predicated upon clear notice that conduct will violate a particular constitutional right, the lack of a clear statement of law by the Third Circuit Court of Appeals regarding whether a malicious prosecution claim can be grounded in the Fourteenth Amendment means that Moving Defendant is entitled to qualified immunity on this claim, and it should be dismissed.  Id.; see also Lewis v. City of Philadelphia, No. 19-2847, 2020 U.S. Dist. LEXIS 59729, at *16 (E.D. Pa. Apr. 6, 2020) (collecting cases within the Circuit concluding there is no clearly established procedural due process right against malicious prosecution).

### 2. The Attachment of Brady Disclosure Obligations to Police Officers was Not Clearly Established until 2005, Entitling Moving Defendant to Qualified Immunity from this Claim.

Turning to Plaintiff's "withholding of evidence" claim, set forth in Counts II and III of the Amended Complaint, unfortunately for Plaintiff, the attachment of Brady disclosure obligations to police officers, and their potential liability resulting from failure to comply, was not clearly established until the Third Circuit Court of Appeals' decision in Gibson v. Superintendent of New Jersey Dep't of Law & Public Safety—Division of Police, 411 F.3d 427, 443 (3d. Cir. 2005). There, the Third Circuit expressly noted that "[e]ven in 2000, this Court was only able to *assume* that police officers 'have an affirmative duty to disclose exculpatory evidence to an accused if only by informing the prosecutor that the evidence exists." Id. at 444 (internal citations omitted); see also Lewis, 2020 U.S. Dist. LEXIS 59729, at *28 (E.D. Pa. Apr. 6, 2020) (in assessing the applicability of qualified immunity to a Brady claim brought in connection with a 1997 police investigation, finding that "the state of the law regarding the Brady obligations of police officers was "not so clearly established that every reasonable official would have understood that what he was doing violated that obligation[.]")

In Gibson, the Third Circuit considered how the Supreme Court's explication of the Brady obligations of prosecutors in Kyles v. Whitley, 514 U.S. 419 (1995)—by which the Supreme Court determined that prosecutors were responsible for the production of any Brady material contained in police files—applied in the context of, or attached to, police officers. Gibson, 411 F.3d at 442-44. In Kyles, the Supreme Court instructed that "the individual *prosecutor* has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the

10

prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or in bad), the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of importance is inescapable." 514 U.S. 419, 437-48 (1995).  The Gibson court relied on the prosecutor/police officer distinction when it noted that "the related duty of the police to disclose information to a prosecutor was not widely addressed until later [than the Kyles decision was issued.]" Gibson, 411 F.3d at 444.

Interpretation of the Third Circuit's express direction in Gibson, and the import of Kyles, has varied somewhat among district courts throughout the Third Circuit.  Notably, in Thomas v. City of Philadelphia, the court considered an argument regarding the application of qualified immunity to a Brady violation allegedly committed in 1993.  290 F. Supp. 3d 371 (2018).  The court cited Gibson for the proposition that police officers' Brady obligations became clearly established in 1995, while treating Gibson as the first extension of the Kyles holding to police officers.  Id., at 387 ("the passage demonstrates that Gibson extended the holding of Kyles—from knowledge of evidence imputed to a *prosecutor*, to a "related" obligation on the part of the *officer*." (emphasis in the original)).

Both Pierre v. Treasury Department, No. 18-3443, 2019 U.S. Dist. LEXIS 81566, at *17-18 (D.N.J. May 14, 2019) and Thorpe v. City of Philadelphia, No. 19-5094, 2020 U.S. Dist. LEXIS 158682, at *34 (E.D. Pa. Sept. 1, 2020) cited Thomas for the former proposition, that Brady disclosure obligations of police officers were clearly established in 1995, without reference to the latter analysis or the express language of Gibson.  By contrast, the Lewis opinion cited above engaged substantively with the controlling authority, Gibson, to conclude that a police officer's Brady disclosure obligations were not clearly established until 2005.  The Court reached the same conclusion in Gilyard v. Dusak, No. 16-2986, 2018

11

U.S. Dist. LEXIS 137429 (E.D. Pa. May 8, 2018), as it did in Outlaw v. City of Philadelphia, No. 21-1290, 2021 U.S. Dist. LEXIS at 147538, at *15-16 (E.D. Pa. Aug. 6, 2021).

To reiterate, the Third Circuit in Gibson holds that Brady obligations were not expressly determined to attach to police officers at the time of the investigation and prosecution of Plaintiff here, which predated even the issuance of the Kyles opinion. This Court should be guided by that controlling authority, which instructs that the attachment of Brady disclosure obligations to police officers was not clearly established until 2005. Because that right was not clearly established until long after the investigation and prosecution underlying Plaintiff's claims, Moving Defendant is entitled to qualified immunity and this claim against him should be dismissed. Gibson, 411 F.3d at 443; Lewis, 2020 U.S. Dist. LEXIS 59729, at *28 (E.D. Pa. Apr. 6, 2020).

### 3. The Third Circuit Has Not Recognized a Failure to Investigate Claim, Much Less Clearly Established that Such a Due Process Right to an Investigation Existed at the Time of the Events Giving Rise to Plaintiff's Claims.

The Third Circuit has never recognized, let alone clearly established, the right to a constitutionally adequate investigation. Accordingly, Moving Defendant is entitled to qualified immunity and dismissal of this claim. The Third Circuit's reticence to recognize a cause of action arising from an allegedly deficient investigation naturally follows from the premise that there is "no constitutional right to a police investigation." Whitehead v. City of Philadelphia, No. 13-2167, 2014 U.S. Dist. LEXIS 21000 at *5 (E.D. Pa. Feb. 19, 2014). In Wright v. City of Philadelphia, the Court noted that "[i]t certainly remains to be seen whether there is an independent cause of action under the Fourteenth Amendment . . . for failing to conduct a constitutionally adequate investigation," and expressly declined to affirmatively recognize such a right, notwithstanding the plaintiff's invitation to do so. 229

F. Supp. 3d 322, 332 n. 3 (E.D. Pa. 2017). Applying this principle—that no such constitutional right or claim had yet been recognized by the Third Circuit Court of Appeals—the Court in Thomas v. City of Philadelphia, 290 F. Supp. 3d 371, 386 (E.D. Pa. 2018), found that the defendant detectives there were entitled to qualified immunity because, given the lack of any express statement that such a right existed at the time of writing, it certainly could not be said that the right was clearly established decades prior. Guided by this authority, the Court in Outlaw, 2021 U.S. Dist. LEXIS at 147538, at *16-17, similarly concluded that qualified immunity attaches to such a claim. Pursuant to the controlling authority cited above, Moving Defendant is entitled to qualified immunity from Plaintiff's claim of a constitutionally deficient investigation, and this claim should be dismissed.

    **4.**    **There is No Clearly Established Right to a Constitutional Obligation to Intervene in an Investigation; thus, Moving Defendant is Entitled to Qualified Immunity.**

Finally, Moving Defendant is entitled to qualified immunity on Plaintiff's claim that Moving Defendant failed to intervene "to prevent his malicious prosecution and deprivation of liberty without due process of law[.]" See Am. Compl. at ¶296. This Court has acknowledged as recently as 2017, that failure to intervene claims have been brought "almost exclusively" in the context of excessive use of force. Ekwunife v. City of Philadelphia, 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017), aff'd, 756 F. App'x 165 (3d Cir. 2018) (citing Third Circuit Model Jury Instruction (Civil) §4.6.2 (2015) ("A defendant can in appropriate circumstances be held liable for failing to intervene to stop a beating.")).

In Ekwunife, this Court deliberately chose not to rely upon extra-jurisdictional caselaw from 2011 in which a failure to intervene claim was recognized in the context of

13

unconstitutional interrogations. 245 F. Supp. 3d at 672. In so doing, this Court refused to expand the claim to cover allegations that a district attorney failed to correct information used to arrest and detain an innocent man. Id. Relying on Ekwunife, in Thorpe, the Court similarly concluded that "it was not sufficiently clear that reasonable officers would have understood that failing to intervene when confronted with another's fabrication and withholding of evidence" would violate the plaintiff's constitutional rights. 2020 U.S. Dist. LEXIS 158682; see also Outlaw, 2021 U.S. Dist. LEXIS at 147538, at *12-13.

Here, as in the cases discussed above, a constitutional obligation to intervene in an investigation was not clearly established at the time of the investigation and arrest of Plaintiff. Qualified immunity thus attaches to Plaintiff's claim against Moving Defendant, and this claim should be dismissed.

## V. CONCLUSION

For all the foregoing reasons, all claims against Moving Defendant, Officer John Grier, should be dismissed.

                                                  Respectfully submitted,

Dated: June 17, 2022                                /s/Alison J. Guest
                                                                 ALISON J. GUEST (Pa. ID No. 202551)
                                                                 **AHMAD ZAFFARESE LLC**
                                                                 1 South Broad Street, Suite 1810
                                                                 Philadelphia, PA 19107
                                                                 Counsel for Defendant John Grier

## CERTIFICATE OF SERVICE

I, Alison J. Guest, Esquire, hereby certify that a true and correct copy of the foregoing Motion to Dismiss in the above referenced matter was served upon all parties via the Court's CM/ECF system.

                                                **AHMAD ZAFFARESE LLC**

                                                */s/ Alison J. Guest*
                                        Alison J. Guest, Esquire (Pa. ID No. #202551)
                                        *Counsel for John Grier*

Date:  June 17, 2022