IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEOPHALIS WILSON, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 21-02057 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| | : | |
| CHRISTOPHER WILLIAMS, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 21-05268 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**REPLY IN SUPPORT OF DEFENDANTS, KAREN ANSEL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF FRANCIS ANSEL; LUDMILLA PERMINT, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES PERMINT; JAMES RODDEN, AS PERONSAL REPRESENTATIVE OF THE ESTATE OF GREGORY RODDEN; KENNETH RUSSELL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RALEIGH WITCHER; AND JESSIE SCHOL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM SCHOL'S MOTION TO DISMISS PLAINTIFF, THEOPHALIS WILSON'S AMENDED COMPLAINT**

Defendants, Karen Ansel, as Personal Representative of the Estate of Francis Ansel; Ludmilla Permint, as Personal Representative of the Estate of Charles Permint; James Rodden, as Personal Representative of the Estate of Gregory Rodden; Kenneth Russell, as Personal Representative of the Estate of Raleigh Witcher; and Jessie Schol, as Personal Representative of the Estate of William Schol's (hereinafter collectively the "Estate Defendants"), reply in support of their motion to dismiss Plaintiff's Amended Complaint, as follows.

I.  **INTRODUCTION**

On August 01, 2022, Defendants Karen Ansel, as Personal Representative of the Estate of Francis Ansel; Ludmilla Permint, as Personal Representative of the Estate of Charles Permint; James Rodden, as Personal Representative of the Estate of Gregory Rodden; Kenneth Russell, as Personal Representative of the Estate of Raleigh Witcher; and Jessie Schol, as Personal Representative of the Estate of William Schol filed a Motion to Dismiss Plaintiff's Amended Complaint, seeking dismissal of all Estate Defendants on multiple grounds. ECF No. 91.

On September 12, 2022, Plaintiff filed a Response in Opposition to the Estate Defendants' Motion to Dismiss (ECF No. 96) opposing all requested relief except for the dismissal of Kenneth Russell, as Personal Representative for the Estate of Raleigh Witcher. In Plaintiff's Opposition, it is admitted that Plaintiff has failed to name the correct personal representative for the Estate of Raleigh Witcher.

The Estate Defendants now file the instant reply in support of their Motion to Dismiss Plaintiff's Amended Complaint.

II.  **ARGUMENT**

    **A.**  **Plaintiff's Claims Against Charles Permint, William Schol, and Raleigh Witcher Should Be Dismissed Because Plaintiff Failed to Plead Facts Establishing Their Personal Involvement in Any of Plaintiff's Alleged Harms**

As the Estate Defendants noted in their moving brief, only two paragraphs of Plaintiff's Amended Complaint contain specific factual allegations regarding actions by detective Charles Permint. Similarly, only two paragraphs of Plaintiff's Amended Complaint contain specific factual allegations regarding actions by detective William Schol. Additionally, Plaintiff's Amended Complaint only contains one specific factual allegation, and multiple paragraphs containing vague allegations against detective Raleigh Witcher. As previously stated in the Estate Defendants' Motion to Dismiss, none of the specific factual allegations contained in the Amended Complaint against detectives Permint, Schol, and Witcher sufficiently establish their personal involvement in

2

any of Plaintiff's alleged harms. The Plaintiff must put forth sufficient factual allegations to survive a motion to dismiss.

Other than the paragraphs of the Amended Complaint, discussed in the Estate Defendants' Motion to dismiss, Plaintiff fails to cite any additional paragraphs that specifically discuss detectives Permint, Schol, and Witcher's connection to this litigation. Instead, Plaintiff cites only paragraphs which identify actions taken by "police", "PPD Officers and Supervisors", and are nothing more than conclusory allegations and legal conclusions that are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). Indeed, many of the allegations contained within the Amended Complaint are simply formulaic recitations of the required elements of the claims raised by the Plaintiff. *See generally* Am. Compl.

Further, Plaintiff argues that identifying sub-groups of "PPD Officers" and "PPD Supervisors"—or even more generally, "police"—is sufficient to survive a motion to dismiss. But simply creating sub-categories of defendants is not a mechanism that allows the Plaintiff to evade his burden of establishing the personal involvement of each individual defendant by well pleaded facts. Accordingly, all claims against defendants Ludmilla Permint, as Personal Representative of the Estate of Charles Permint, Kenneth Russell, as Personal Representative of the Estate of Raleigh Witcher; and Jessie Schol, as Personal Representative of the Estate of William Schol should be dismissed.[1]

---

[1] Plaintiff also claims that Estate Defendants' attempt to dismiss the state law intentional infliction of emotional distress claim as untimely is "unsupported by any legal authority and is instead contrary to established law." ECF No. 96 at 20. In support of his position, Plaintiff cites *Gilbert v. Feld*, 788 F. Supp. 854, 857 (E.D. Pa. 1992). A closer examination reveals that *Gilbert* provides no such support. Instead, the court in *Gilbert* found that Plaintiff's state law intentional infliction of emotional distress claim, albeit in conjunction with a §1983 wrongful arrest claim, ***was*** subject to a two-year statute of limitations. *Id*. at 862. The court did not bar the claim because the original complaint satisfied the statute of limitations and the IIED claim, while brought after the expiration of the statute of limitations, was filed in an amended pleading that was expressly permitted by court order. *Id.* Plaintiff's reliance on *Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 334 (E.D. Pa. 2017), is equally unavailing. In *Wright* the court found that

**B.   Plaintiff's Fourteenth Amendment Malicious Prosecution, Withholding of Evidence (Counts II and III), and Failure to Conduct a Constitutionally Adequate Investigation, and Failure to Intervene Claims Should be Dismissed Because the Estate Defendants are Entitled to Qualified Immunity**

Plaintiff argues that his Amended Complaint does not set forth facts establishing qualified immunity, and as such, consideration of qualified immunity should be barred at this stage in the litigation. ECF No. 96 at 21-22. Because several claims that Plaintiff pursues in his Amended Complaint implicate rights that were not clearly established during the investigation and prosecution at issue, and because Plaintiff alleges that the Estate Defendants were at all times relevant to the Amended Complaint a duly appointed and active officer of the PPD acting within the scope of their employment, Am. Comp. ¶ 45, the identified claims to which qualified immunity applies are appropriately considered by the Court in an initial motion.

> 1. *Plaintiff Fails to Rebut Estate Defendants' Well-Supported Argument that a Malicious Prosecution Claim Sounding in the Fourteenth Amendment Is Still Not Clearly Established*

Defendants argue in their moving brief that there is no clearly established Fourteenth Amendment procedural due process right against malicious prosecution, meriting the application of qualified immunity and dismissal of this claim in Count I. ECF No. 96 at 8-9. Plaintiff cites to *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014), in an effort to rebut this contention. ECF No. 96 at 21. But *Halsey* dealt solely with a **Fourth Amendment** malicious prosecution claim, which claim is not challenged by way of Defendant's initial motion. Because Plaintiff offers no law or argument that counters Defendants' well-supported argument, this Court should dismiss

---

the Plaintiff's §1983 claims, most analogous to the tort equivalent of malicious prosecution, did not accrue until after his conviction was vacated. Never did the court examine the accrual of ***any*** state law claim, and certainly no state law or §1983 claim premised on the tort of intentional infliction of emotional distress.

the Fourteenth Amendment malicious prosecution claim subsumed within Count I of the Amended Complaint.

> 2. *The Attachment of <u>Brady</u> Disclosure Obligations to Police Officers Was Not Clearly Established Until 2005, Entitling the Estate Defendants to Qualified Immunity from this Claim*

In the motion to dismiss, Defendants relied upon recent district court opinions in which the court held that, pursuant to *Gibson v. Superintendent of New Jersey Dep't of Law & Public Safety – Division of Police*, 411 F.3d 427, 443 (3d Cir. 2005), the attachment of *Brady* obligations to police officers was not clearly established until 2005. The *Gibson* court analyzed the Supreme Court's determination, in *Kyles v. Whitley*, that prosecutors are responsible for disclosing any exculpatory information contained in police files and assessed how or whether that decision implicated an independent constitutional obligation of police, not prosecutors, to affirmatively disclose exculpatory information. The court noted that "[e]ven in 2000, this Court was only able to *assume* that police officers 'have an affirmative duty to disclose exculpatory evidence to an accused if only by informing the prosecutor that the evidence exists.'" *Id.* at 444 (quoting *Smith v. Holtz*, 210 F.3d 186, 197 n. 14 (3d Cir. 2000)).

In opposition, Plaintiff avoids addressing *Gibson* entirely, and posits several alternative arguments – all of which are unconvincing. First, Plaintiff argues that where an exact situation at issue is not addressed in case law, if a reasonable officer would know his actions offended the Constitution, he is not entitled to qualified immunity. ECF No. 96 at 16, citing *Taylor v. Rojas*, 141 S. Ct. 52, 53 (2020); *Halsey*, 750 F.3d at 295.[2] However, *Taylor* merely suggests that a case need not specifically address a factual scenario for the constitutional right at issue to be clearly established under decisional law. 141 S.Ct. at 53. Plaintiff's argument, and reliance on *Taylor*,

---

[2] Plaintiff goes on to claim that because his Amended Complaint alleges that Defendants knew their conduct was constitutionally prohibited this is enough to overcome a claim for qualified immunity. Plaintiff's conclusory allegation is not sufficient to survive a motion to dismiss.

ignore the very fact that the issue of *Brady* attachment *is* expressly addressed in Third Circuit case law, namely *Gibson*. Next, Plaintiff contends that the *Thomas* case cited by Defendants in their moving brief is both non-binding and wrongly decided, but then cites to the equally non-binding *Wright v. City of Philadelphia*, attempting to demonstrate that the right was clearly established as of 1991. Notably, the *Wright* court never addressed whether the attachment of *Brady* disclosure obligations to police officers was clearly established (and in fact did not examine qualified immunity at all). Finally, Plaintiff implicitly invites this Court to ignore the express and binding precedent of *Gibson* and instead look to non-circuit authority for guidance. ECF No. 96 at 18-19. This Court should decline to do so.

The *Gibson* opinion did not issue until 2005, after the arrest and prosecution at issue in this litigation. Given this timing, and the lack of a clearly established constitutional obligation for police officers to affirmatively disclose exculpatory evidence at the time of Plaintiff's arrest and prosecution, Defendants are entitled to qualified immunity from liability for this claim in Count II and III of the Amended Complaint

        3. *Plaintiff Does Not Appear to Contest that Qualified Immunity Attaches to a Standalone Inadequate Investigation Claim*

Defendants argued that there is no clearly established right to an adequate investigation, meriting the application of qualified immunity and dismissal of this claim in Count II. Responding in opposition, Plaintiff does not appear to contest that no such right exists under applicable law. ECF No. 96 at 23-24. Plaintiff's reliance on *Taylor*, 141 S.Ct. 52, is misplaced. Plaintiff's factual allegations do not present "extreme circumstances" or "particularly egregious facts" such that the Court would find that "any reasonable officer should have realized that [their] actions offended the Constitution. *Taylor*, 141 S. Ct.at 53-54. As Plaintiff does not present law or argument that counters Defendants' well-supported argument, the Court should dismiss the "failure to investigate" claim subsumed within Count II of the Amended Complaint.

> 4. *Plaintiff Fails to Rebut Defendants' Well-Supported Argument that a Constitutional Obligation to Intervene in an Investigation is Not Well Established*

Defendants argued that there is no clearly established right to intervention outside of the context of an application of force, meriting the application of qualified immunity and dismissal of this claim in Count IV. In support of this proposition, Defendants relied upon the *Ekwunife v. City of Philadelphia* case, in which the district court concluded that an Assistant District Attorney could not be liable for failure to intervene because, among other things, such a claim was generally only recognized in the context of a use of force. 245 F. Supp. 3d 660, 672 (E.D. Pa. 2017). The Court found that this analysis applied with equal force to employees of the police department when, in *Thorpe v. City of Philadelphia*, it dismissed a failure to intervene claim brought against detectives. No. 19-5094, 2020 WL 5217396, at *11 (E.D. Pa. Sept. 1, 2020).

Plaintiff suggests in opposition that a police officer's failure to intervene in the midst of a constitutional violation has been recognized numerous times in the Third Circuit. ECF No. 96 at 20, citing to *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002); *Garbacik v. Janson*, 111 F. App'x 91, **3 (3d Cir. 2004). What Plaintiff fails to mention is that both *Smith* and *Garbacik* involved excessive use of force. The *Smith* case is specifically about a correctional officer who observed other officers beating the plaintiff but failed to stop them from doing so. The court found that the case law applicable to police officers who fail to intervene in an excessive use of force applies equally to correctional officers who engage in the same alleged conduct. *Smith*, 293 F.3d at 650-51. Likewise, the *Garbacik* case involved excessive use of force claims against Pennsylvania State Troopers. The court found that a nonsupervisory employee's duty to intervene was clearly established at the time of the incident. *Garbacik*, 111 F. App'x at **3. Nothing in *Smith* or *Garbacik* suggests that the duty to intervene applies outside the context of a use force, or undermines the *Thorpe* court's conclusion that, as quoted in Defendants' moving brief, "it was not sufficiently clear that reasonable officers would have understood that failing to

7

intervene when confronted with another's fabrication and withholding of evidence" would violate the plaintiff's constitutional rights. 2020 WL 5217396, at *11.

Plaintiff also suggests that *Wright* and *Cash v. Wetzel*, 8 F. Supp. 3d 662 (E.D. Pa. 2014) support his contention that a failure to intervene claim can be brought in the non-force context. Again, Plaintiff's reliance on *Wright* is misplaced, as the Court never grappled with whether failure to intervene in an investigation violated a clearly established right (and never examined qualified immunity at all). *Wright*, 229 F. Supp. 3d at 338-39. While the court in *Cash* admittedly recognized a failure to intervene claim outside of the excessive force context, the court engaged in no discussion of whether failure to intervene was a clearly established right and premised its holding on an Eastern District case that squarely dealt with excessive use of force. *Cash*, 8 F. Supp. at 662-63. In the absence of controlling law to the contrary, this Court should be guided by the substantial authority concluding that no such right was clearly established, and Defendants are entitled to qualified immunity from liability for this claim in Count IV.

### C. The Estate of Raleigh Witcher Should Be Dismissed as Plaintiff Has Failed to Identify and Name the Correct Personal Representative

Plaintiff agrees that Kenneth Russell, as Personal Representative of the Estate of Raleigh Witcher, should be dismissed from this matter as Kenneth Russell is not and has never been the personal representative for the Estate of Raleigh Witcher. The Estate Defendants respectfully request that an Order of dismissal be entered on his behalf.

## III. CONCLUSION

For all of the foregoing reasons, in addition to those previously set forth in the Estate Defendants' pending motion to dismiss, Defendants respectfully request that this Court grant the motion and dismiss Plaintiff's claims as detailed therein.

Respectfully submitted,

**CLARK HILL PLC**

s/ *John A. DeRose*
Lauri A. Kavulich, Esquire Pa. I.D. No. 56476
John A. DeRose, Esquire Pa I.D. No. 313668
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: (215) 640-8500
F: (215) 640-8501
Attorneys for Defendants,
Karen Ansel as personal representative of the Estate of Frances Ansel, Ludmilla Permint as personal representative of the Estate of Charles Permint, James Rodden as personal representative of the Estate of Gregory Rodden, Kenneth Russell as personal representative of the Estate of Raleigh Witcher, and Jessie R. Schol as personal representative of the Estate of William Schol

Dated: October 17, 2022

## CERTIFICATE OF SERVICE

I, John A. DeRose, Esquire hereby certify that a true and correct copy of the foregoing Reply in Support of Motion to Dismiss was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

**CLARK HILL PLC**

s/ *John A. DeRose*
Lauri A. Kavulich, Esquire Pa. I.D. No. 56476
John A. DeRose, Esquire Pa I.D. No. 313668
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
T: (215) 640-8500
F: (215) 640-8501
Attorneys for Defendants,
Karen Ansel as personal representative of the Estate of Frances Ansel, Ludmilla Permint as personal representative of the Estate of Charles Permint, James Rodden as personal representative of the Estate of Gregory Rodden, Kenneth Russell as personal representative of the Estate of Raleigh Witcher, and Jessie R. Schol as personal representative of the Estate of William Schol

Dated:  October 17, 2022