IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THEOPHALIS WILSON,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-2057** |
| | : | |
| **CITY OF PHILADELPHIA*, et al.*,** | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 22nd day of May, 2023, upon consideration of Defendants Former Assistant District Attorney David Desiderio and Former District Attorney Lynne Abraham's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 118), Plaintiff Theophalis Wilson's Response in Opposition (ECF No. 121), and Defendants' Reply (ECF No. 122), it is hereby **ORDERED** that the parties shall file a letter brief with this Court in response to the following question: Plaintiff has alleged that Defendant Former Assistant District Attorney David Desiderio coerced a confession from James White; in your opinion, does this alleged act constitute "investigatory" or "prosecutorial" conduct for purposes of an absolute immunity analysis? [1]

Each party's letter brief shall not exceed 10 pages in length and shall be filed within fourteen (14) days of the date of this Order—*i.e.,* no later than Monday, June 5, 2023.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] Upon review of the parties' briefing in connection with Defendants Former Assistant District Attorney David Desiderio and Former District Attorney Lynne Abraham's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 118), and all papers in support thereof and opposition thereto, this Court is now requesting additional briefing on the following question: Does Defendant Former Assistant District Attorney David Desiderio's alleged coercion of James White's confession constitute "investigatory" or "prosecutorial" conduct for purposes of an absolute immunity analysis?

As the Third Circuit instructs:

> Since extending absolute immunity to state prosecutors in *Imbler,* the Supreme Court has clarified that absolute immunity does not extend to "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." At the same time, the Court has reaffirmed that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."
>
> Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's "advocate" while engaging in the alleged conduct that gives rise to the constitutional violation. As the Supreme Court explained in *Kalina v. Fletcher*, "in determining immunity, we examine the nature of the function performed, not the identity of the actor who performed it."

*Yarris v. Cnty. of Delaware*, 465 F.3d 129, 135–36 (3d Cir. 2006) (internal citations omitted).

Stated differently, how this Court classifies Former Assistant District Attorney David Desiderio's alleged coercion of James White's confession—*i.e.,* whether the conduct was "investigatory" or "prosecutorial" in nature—will ultimately determine whether absolute immunity applies and will have a significant impact on the disposition of Defendants' pending motion to dismiss.