**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THEOPHALIS (BINKY) WILSON, | : | NO.  2:21-cv-02057-JMY |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, FORMER | : | *Electronically Filed* |
| ASSISTANT DISTRICT ATTORNEY | : | |
| DAVID DESIDERIO, FORMER | : | JURY TRIAL DEMANDED |
| DISTRICT ATTORNEY LYNNE | : | |
| ABRAHAM, ET AL., | : | |
| Defendants | | |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the

Motion for Reconsideration, or, in the Alternative, for a Certification of Leave to Appeal and a

Stay in the Court Pending the Outcome of the Appeal, and any Responses thereto, it is hereby

**ORDERED** and **DECREED** that the Motion for Reconsideration/Certification is **DENIED**.


BY THE COURT:


_____
                                                            J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THEOPHALIS (BINKY) WILSON, | : | NO. 2:21-cv-02057-JMY |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, FORMER | : | *Electronically Filed* |
| ASSISTANT DISTRICT ATTORNEY | : | |
| DAVID DESIDERIO, FORMER | : | JURY TRIAL DEMANDED |
| DISTRICT ATTORNEY LYNNE | : | |
| ABRAHAM, ET AL., | : | |
| Defendants | | |

**RESPONSE OF DEFENDANTS, FORMER ASSISTANT DISTRICT ATTORNEY
DAVID DESIDERIO AND FORMER DISTRICT ATTORNEY LYNNE ABRAHAM, TO
PLAINTIFF'S MOTION FOR RECONSIDERATION, OR, IN THE ALTERNATIVE,
FOR A CERTIFICATION OF LEAVE TO APPEAL AND A STAY IN THE COURT
<u>PENDING THE OUTCOME OF THE APPEAL</u>**

Defendants, Former Assistant District Attorney David Desiderio ("ADA Desiderio") and

Former District Attorney Lynne Abraham ("DA Abraham")(collectively, "Prosecutor

Defendants"), by and through their counsel, hereby respond to the Motion for Reconsideration, or,

in the Alternative, for a Certification of Leave to Appeal and a Stay in the Court Pending the

Outcome of the Appeal filed by Plaintiff, Theophalis (Binky) Wilson ("Plaintiff"), and ask this

Court to deny Plaintiff's Motion.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff commenced this civil rights action alleging that he was unjustly targeted, arrested,

and convicted for a crime he did not commit.  (ECF 37).  Plaintiff asserted § 1983 claims against

ADA Desiderio and DA Abraham for malicious prosecution (Count I) and fabrication of

evidence/withholding exculpatory and impeachment evidence (Count II and Count III), a § 1983

claim against DA Abraham for supervisory liability (Count VI), and state law claims against ADA

Desiderio and DA Abraham for malicious prosecution (Count VIII) and intentional infliction of emotional distress (Count IX).  (ECF 37).

On April 12, 2023, the Prosecutor Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint in which they asserted absolute immunity as a bar to Plaintiff's claims.  (ECF 118).  In response, Plaintiff filed a Memorandum in Opposition and the Prosecutor Defendants filed a Reply.  (ECF 121; ECF 122).

By Order dated May 22, 2023, this Court directed the parties to file additional briefing on the following question: "Does Defendant Former Assistant District Attorney David Desiderio's alleged coercion of James White's confession constitute 'investigatory' or 'prosecutorial' conduct for purposes of an absolute immunity analysis?"  (ECF 123).  The Prosecutor Defendants and Plaintiff subsequently complied and filed supplemental letter briefs.  (ECF 124; ECF 125).

By Order and Memorandum dated August 11, 2023, this Court granted the Prosecutor Defendants' Motion to Dismiss Plaintiff's Amended Complaint.   (ECF 128; ECF 129). Specifically, this Court found that Plaintiff's claims against the Prosecutor Defendants were barred by prosecutorial/absolute immunity and dismissed the claims with prejudice.  (ECF 128; ECF 129).

Plaintiff now asks this Court to reconsider its August 11, 2023 Order or to permit interlocutory appeal from the August 11, 2023 Order.  (ECF 130).

## II.   <u>LEGAL ARGUMENT</u>

In his Motion, Plaintiff asks this Court to reconsider its August 11, 2023 Order or to permit interlocutory appeal pursuant to Rule 54(b) or Section 1292(b).  However, Plaintiff has failed to satisfy the standard for either reconsideration or appellate certification.  Accordingly, Plaintiff's Motion should be denied.

**A.** **Plaintiff's Motion Should Be Denied Because Plaintiff Has Not Demonstrated The Existence Of Any Ground Warranting Reconsideration Of The August 11, 2023 Order**

First, Plaintiff asks this Court to reconsider its August 11, 2023 Order.  A party seeking reconsideration of a district court's order must show either (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its prior order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The burden is on the movant to show the existence of one of these three grounds.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments."  Kitzmiller v. Dover Area Sch. Dist., 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005).

Motions for reconsideration "may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court."  Kennedy Indus., Inc. v. Aparo, 2006 U.S. Dist. LEXIS 46075, at *4 (E.D. Pa. July 6, 2006).  Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion."  MMG Ins. Co. v. Guiro, Inc., 432 F. Supp. 3d 471, 474 (M.D. PA. 2020)(citing Vaidya Xerox Corp., 1997 WL 732464, *2 (E.D. Pa. Nov. 25, 1997)).  A motion for reconsideration may not be used to give a litigant a "second bite of the apple."  Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).  "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at

*5 (E.D. Pa. Feb. 4, 2000).  The decision of whether to grant a motion for reconsideration is left to the discretion of the district court.  Le v. Univ. of Pa., 321 F.3d 403, 405 (3d Cir. 2003).

In his Motion, Plaintiff has not identified any relevant intervening change in controlling law or new evidence.  Instead, Plaintiff argues only that reconsideration of the August 11, 2023 Order is warranted to correct a manifest injustice or a clear error of fact or law.  "Where the grounds for the motion for reconsideration are to correct a manifest injustice, the party must persuade the court that not only was the prior decision wrong, but that it was clearly wrong and that adherence to the decision would create a manifest injustice."  Segal v. Strausser Enters., Inc., 2011 U.S. Dist. LEXIS 90073, at *13 (E.D. Pa. Aug. 11, 2011).  Plaintiff's Motion does not satisfy this high standard but merely lays out his vehement disagreement with the Court's rulings and repeats his previous assertions and arguments.  Thus, Plaintiff's Motion does not set forth any valid grounds for reconsideration.

First, Plaintiff contends that the Prosecutor Defendants' Motion to Dismiss and Reply did not contain any analysis of Plaintiff's specific claims as set forth in the Amended Complaint with regard to Desiderio.  (ECF 130, p. 8).  To the contrary, both the Motion to Dismiss and Reply referred to the allegations in the Amended Complaint and argued that ADA Desiderio was entitled to absolute immunity based on those allegations because his conduct was prosecutorial.  (ECF 118, p. 20-23; ECF 122, p. 3, 5-6).  In doing so, the Prosecutor Defendants maintained that each of Plaintiff's claims against ADA Desiderio involved actions taken by ADA Desiderio in preparing for, initiating, and prosecuting criminal charges and that courts have routinely held such activity are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocatory acts protected by absolute immunity.  (ECF 118, p. 20-23 (citing Burns v. Reed, 500 U.S. 478, 490 (1991); Rose v. Bartle, 871 F.2d 331, 343-344 (3d Cir. 1989); Henderson v. Fisher,

631 F.2d 1115, 1120 (3d Cir. 1980); Yarris v. County of Delaware, 465 F.3d 129, 139 (3d Cir.

2006); Quintana v. City of Philadelphia, 2017 WL 3116265, *7-8 (E.D. Pa. July 21, 2017); Segers

v. Williams, 12 F. Supp. 3d 734, 739 (E.D. Pa. 2014); Tate v. Grose, 412 F. Supp. 487, 488 (E.D.

Pa. 1976)).

　　　　Plaintiff also suggests that the Prosecutor Defendants made three new arguments after this

Court ordered supplemental briefing and did so to "save their deficient briefing." (ECF 130, p. 8).

However, the argument presented in the Prosecutor Defendants' Supplemental Brief was submitted

in response to this Court's directive to explain whether ADA Desiderio's alleged coercion of James

White's confession constituted 'investigatory' or 'prosecutorial' conduct for purposes of an absolute

immunity analysis. (ECF 123; ECF 124). To the extent Plaintiff suggests he had no ability to

respond to the arguments raised in the Prosecutor Defendants' Supplemental Brief, Plaintiff

notably filed his supplemental letter brief approximately 1 ½ hours after the Prosecutor Defendants

filed theirs. (Exhibit A, Electronic Filing Notices). Therefore, he had the opportunity to review

the Prosecutor Defendants' Supplemental Brief before filing his and could have requested an

extension if he felt it was necessary.

　　　　With respect to this Court's determination that Plaintiff's claims were all based on the

alleged fabrication of White's confession, contrary to Plaintiff's suggestion, this Court did not

apply the incorrect standard of review. In fact, while Plaintiff argues in his Motion that this

determination failed to take into account numerous allegations from the Amended Complaint, each

of the allegations Plaintiff points to in support of his argument is based on the alleged fabrication

of White's confession. (ECF 130, p. 10). Furthermore, in his Memorandum in Opposition,

Plaintiff declared that the Prosecutor Defendants had mischaracterized his allegations and made

clear that his claims were all based on the alleged fabrication of White's confession, which Plaintiff

argued constituted investigative conduct. (ECF 121, p. 13 ("[The Prosecutor Defendants] mischaracterize Plaintiff's allegations: the individual counts against Defendants are not about the use of perjured testimony or the suppression of exculpatory evidence at trial…Rather, Plaintiff alleges the Defendants fabricated and coerced a false witness statement during the investigation of the Anderson/Reynolds Murders, which provided Defendants with the only evidence connecting Mr. Wilson to the crimes and thus was the only basis for probable cause. Unlike a prosecutor's typical duties as an advocate, the fabrication and coercion of James White's statement occurred…undoubtedly falls into the realm of investigative conduct by a prosecutor, thus excluding Defendants from absolute immunity."). Therefore, contrary to Plaintiff's assertion, this Court did not err in framing the question and analysis as whether the alleged fabricated confession of White constituted investigatory or prosecutorial activity.

With regard to the fabrication of White's alleged confession itself, Plaintiff suggests it "occurred prior to any plea discussions, charges being filed, or probable cause existing," (ECF 130, p. 10), and there is no allegation in the Amended Complaint to support the determination that ADA Desiderio's conduct was related to a plea deal, (ECF 130, p. 15). To the contrary, Plaintiff's allegations contained in the Amended Complaint makes clear that White's confession was coerced after White had already been charged with the Anderson/Reynolds murders and was coerced as part of a plea deal White was working out with ADA Desiderio. (ECF 37, ¶¶ 7, 9, 11, 144, 146, 150-153, 155-156, 158, 160-162, 165-167). As this Court correctly found, courts in this Circuit and others have held that absolute immunity applies to conduct which occurs during plea bargaining activity. (ECF 128, p. 6-7).

Plaintiff also seems to suggest that the Third Circuit has held a prosecutor can never be immune from claims that he fabricated a confession and cites to <u>Black v. Montgomery Cnty.</u>, 835

F.3d 358 (3d Cir. 2016), and Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014).  (Plaintiff's Motion, p. 22-23).   However, neither Black nor Halsey addressed claims against a prosecutor or the applicability of absolute immunity and do not support Plaintiff's contention.  In fact, courts have routinely held that a prosecutor's procurement, solicitation and presentation of perjured testimony, handling and presentation of evidence, and withholding exculpatory evidence are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocatory acts protected by absolute immunity.  See Burns v. Reed, 500 U.S. 478, 490 (1991); Rose v. Bartle, 871 F.2d 331, 343-344 (3d Cir. 1989); Henderson v. Fisher, 631 F.2d 1115, 1120 (3d Cir. 1980); Yarris v. County of Delaware, 465 F.3d 129, 139 (3d Cir. 2006); Quintana v. City of Philadelphia, 2017 WL 3116265, *7-8 (E.D. Pa. July 21, 2017); Segers v. Williams, 12 F. Supp. 3d 734, 739 (E.D. Pa. 2014).

The remainder of Plaintiff's argument related to reconsideration is based on his contention this Court overlooked or misinterpreted case law.  For instance, Plaintiff claims this Court "failed to conduct a proper and robust absolute immunity analysis" and did not analyze whether ADA Desiderio's conduct related to administrative or investigatory functions.  (ECF 130, p. 11-12).  To the contrary, the August 11, 2023 Opinion makes clear that this Court was making a determination as to whether ADA Desiderio's conduct constituted prosecutorial or investigatory activity and that this Court considered and analyzed the standards surrounding such a decision.  (ECF 128, p. 4-5 ("how this Court classifies Defendant Desiderio's alleged fabrication and coercion of James White's confession—i.e., whether the conduct was 'investigatory' or 'prosecutorial' in nature— ultimately determine whether absolute immunity applies"), 7 ("taken together, the timing of White's alleged fabricated confession—after he had been charged and during the plea-bargaining process—makes Defendant Desiderio's conduct more akin to 'prosecutorial' activity versus

'investigative' activity"), 10 ("Considering this precedent, this Court finds that Defendant Desiderio's alleged fabrication and coercion of White's confession is "prosecutorial" activity that is absolutely protected.")).

Similarly, Plaintiff argues that this Court overlooked binding cases and cites to numerous cases, including <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993), <u>Weimer v. County of Fayette, Pennsylvania</u>, 972 F.3d 177 (3d Cir. 2020), <u>Yarris v. County of Delaware</u>, 465 F.3d 129, 139 (3d Cir. 2006), <u>Quintana v. City of Philadelphia</u>, 2017 WL 3116265, *7-8 (E.D. Pa. July 21, 2017). However, in his Memorandum in Opposition and supplemental letter brief, Plaintiff already extensively argued his interpretation of these cases and his contention that they were analogous and demonstrate absolute immunity does not apply.  (ECF 121, p. 16-18, 19-20, 22-23; ECF 125, p. 4-9).  Nevertheless, this Court rejected Plaintiff's arguments and interpretation of these cases and found the Prosecutor Defendants were entitled to absolute immunity.  (ECF 128, p. 10 ("Considering this precedent, this Court finds that Defendant Desiderio's alleged fabrication and coercion of White's confession is 'prosecutorial' activity that is absolutely protected.")).

In effect, Plaintiff is simply repeating his prior arguments, which have already been rejected by this Court, and is attempting to get a "second bite of the apple," which is impermissible. Plaintiff's simply refuses to accept this Court's decision and reasoning and his Motion is nothing more than a disagreement with this Court's decision that absolute immunity applies to the Prosecutor Defendants, which is not a sufficient basis for reconsideration.  As a result, Plaintiff's Motion and his request for reconsideration should be denied.  See <u>O'Callaghan v. Honorable X</u>, 745 Fed. Appx. 200, 202 (3d Cir. 2018)(finding the District Court correctly dismissed the plaintiff's claims against Defendant Judges based on absolute immunity and did not abuse its discretion in denying plaintiff's motion for reconsideration where the plaintiff did not provide any

new facts relevant to the court's immunity ruling, any changes in controlling law, or any other basis

for the District Court to reconsider its decision); Fouad v. Milton Hershey Sch. & Sch. Tr., 2020

WL 8225506, at *2 (M.D. Pa. Feb. 19, 2020)(noting that party's disagreement with court as to

whether a prior case applied to factual scenario before the court was not a sufficient basis for

reconsideration); Cruz v. City of Philadelphia, 2007 WL 4190690, at *2 (E.D. Pa. Nov. 21,

2007)(denying motion for reconsideration of decision dismissing the plaintiff's claims because the

actions of D.A. defendants were protected by absolute immunity); Savage v. Bonavitacola, 2005

WL 730679, at *1 (E.D. Pa. Mar. 29, 2005)(denying motion for reconsideration of the dismissal

based on absolute immunity where the plaintiff appeared to reargue the entirety of this case, there

was not any change in the controlling law, and the plaintiff did not present any new evidence or

demonstrate that reconsideration was necessary to correct a clear error of law or to prevent

manifest injustice).

**B.**      **Plaintiff's Motion Should Be Denied Because Plaintiff Has Not Demonstrated That This Case Warrants Rule 54(b) Certification**

Next, Plaintiff argues that this Court should certify the August 11, 2023 Order pursuant to

Rule 54(b) and allow an immediate appeal.  Certification of a judgment as final under Rule 54(b)

is the exception, not the rule, to the usual course of proceedings in a district court.  See Curtiss–

Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)("Not all final judgments on individual claims

should be immediately appealable, even if they are in some sense separable from the remaining

unresolved claims."); see also Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958)("[Rule]

54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel.  The

power which this Rule confers upon the trial judge should be used only in the infrequent harsh

case as an instrument for the improved administration of justice and the more satisfactory

disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and

rule."). "The function of the district court under the Rule is to act as a 'dispatcher,'" and it is "left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Curtiss–Wright Corp., 446 U.S. at 8.

Rule 54(b) requires that a district court first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a "final judgment." Elliott v. Archdiocese of New York, 682 F.3d 213, 220 (3d Cir. 2012). If it determines that there has been such a disposition, "the district court must go on to determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." Id. In determining whether "there is no just reason for delay," the court should consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

See Berckeley Inv. Grp., Ltd. v. Colkitt, 259 F.3d 135, 145 (3d Cir. 2001). In deciding a Rule 54(b) motion, courts place "particular emphasis on" whether the adjudicated claims are closely related to the unadjudicated claims: "when pending claims share supporting facts with those claims for which a party seeks certification, certification for review is inappropriate because it may potentially result in the inefficient use of the reviewing courts' resources." Vanderklok v. United States, 2015 WL 12844282, at *2 (E.D. Pa. Dec. 4, 2015). The Third Circuit also counsels against Rule 54 certification where "the entire recovery the plaintiff originally sought still [can be] awarded under the remaining count[s]." Advanced Orthopedics And Sports Med. Inst. v. Int'l

<u>Union of Operating Engineers</u>, 2020 WL 4345301, at *4 (D.N.J. July 29, 2020)(quoting <u>Gerardi v. Pelullo</u>, 16 F. 3d 1363, 1372 (3d Cir. 1994)).

Here, this is not case which warrants Rule 54(b) certification.  Plaintiff brought identical claims against the Prosecutor Defendants and the remaining defendants and, in fact, brought the same claims against all defendants in the same counts.  (ECF 37).  The claims against the Prosecutor Defendants which were dismissed, therefore, involve the same basic facts and evidence as the remaining claims against City of Philadelphia, Frank Margerum, Richard Harris, Kevin Hollinshead, John Grier, and the Estate Defendants.  Given that the same claims that were dismissed as against the Prosecutor Defendants remain as to other defendants demonstrates that Plaintiff has the potential to recover fully from the remaining defendants, which would moot the need to appeal the dismissal of the Prosecutor Defendants.  Finally, any prejudice caused by the delay in having to wait for an appeal until the completion of the case against the remaining defendants is no greater than that caused by any case where there are multiple claims and multiple parties.  As a result, Plaintiff's Motion should be denied.  <u>See</u> <u>Myers v. Med. Ctr. of Delaware, Inc.</u>, 28 Fed. Appx. 163, 166 (3d Cir. 2002)("We do not believe the trial courts should grant Rule 54(b) motions solely whenever they find it more efficient to do so.  From their point of view, it may almost always be more efficient to do so, especially when denials of qualified immunity are being appealed.  In our view, this case offers no compelling reason to hear a 'piecemeal appeal.' This case is no different from the multitude of other § 1983 cases with multi-claims and multi-parties.");  <u>Geraci v. City of Philadelphia</u>, 2016 WL 1060250, at *3 (E.D. Pa. Mar. 14, 2016)(denying Rule 54(b) motion where there was a close factual relationship between the plaintiff's First and Fourth Amendment claims and the plaintiff would not be prejudiced awaiting a scheduled trial and then appeal); <u>Vanderklok</u>, 2015 WL 12844282, at *2 (denying Rule 54(b)

certification of order dismissing claims against the United States, the City, and individual officers on the basis of immunity because the unadjudicated claims against the remaining defendant shared the same "supporting facts" with the dismissed claims); United States ex rel. Streck v. Allergan, Inc., 2013 WL 12155345, at *1 (E.D. Pa. Aug. 5, 2013)(denying plaintiff's Rule 54(b) motion and, while recognizing that the plaintiff will certainly suffer some prejudice by having to wait to appeal all claims until the completion of the case against the remaining defendants, finding that any such prejudice is largely limited to a delay in financial recovery, for which there is an available monetary remedy); Bane v. City of Philadelphia, 2010 WL 3420121, at *3–5 (E.D. Pa. Aug. 25, 2010)(denying Rule 54(b) motion where claims against the Commonwealth and the City defendants were dismissed but claims against the City defendants remained because the dismissed claims were intertwined with the remaining claims, especially the remaining Monell claim); Holbrook v. Woodham, 2009 WL 10689838, at *3-4 (W.D. Pa. Apr. 17, 2009)(finding the moving party failed to persuade the court that there was no just reason for delay where the protracted litigation in the matter already acted as a disservice to all parties, the public and the court, and the policy disfavoring piecemeal review takes precedence over any efficiencies gained from the immediate appeal of the defendant's dismissal given the Third Circuit's substantial judicial load and the possibility that separate appeals will unnecessarily require the Third Circuit to examine this case and its interrelated legal issues more than once).

**C.**   **Plaintiff's Motion Should Be Denied Because Plaintiff Has Not Demonstrated That The Criteria Of §1292(b) Have Been Met**

Finally, Plaintiff argues that this Court should certify the August 11, 2023 Order pursuant to §1292(b).  Under Section 1292, a court may certify a non-final order for interlocutory appeal if (1) the order "involves a controlling question of law;" (2) "a substantial ground for difference of opinion" exists with regard to the issue involved; and (3) an immediate appeal "may materially

advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); <u>Simon v. United States</u>, 341 F.3d 193, 199 (3d Cir. 2003).  Each of these elements must be met for certification to issue, but even if all the elements are satisfied, the decision to certify an interlocutory order for appeal rests within the discretion of the trial court.  <u>Knipe v Smithkline Beecham</u>, 583 F.Supp. 2d 553, 599 (E.D. Pa. 2008). The party seeking certification has the burden of demonstrating that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment."  <u>Id.</u>

Here, nothing in Plaintiff's Motion satisfies this stringent standard.  First, Plaintiff has not demonstrated that the issue of whether the Prosecutor Defendants are entitled to absolute immunity under the specific facts alleged constitutes a controlling question of law.  <u>See</u> <u>Muller v. Temura Shipping Co.</u>, 629 F. Supp. 1024, 1028 (E.D. Pa. 1986)("My ruling on the personal jurisdiction issue was based on a fact-specific inquiry, and [the moving party] challenges my application of established legal principles to these specific facts. I have serious reservations as to how far-reaching the consequences of a right or wrong decision in this case may be.  I certainly cannot characterize the question whether I have given the proper weight to [the moving party's] forum contacts as a 'controlling question of law' within the meaning of § 1292(b).").

Even if the grant of absolute immunity to the Prosecutor Defendants implicates a controlling question of law, Plaintiff has not shown that a substantial ground for difference of opinion exists.  A "substantial ground for difference of opinion" exists when the matter involves "one or more difficult and pivotal questions of law not settled by controlling authority."  <u>Augustin v. City of Philadelphia</u>, 2016 WL 7042215, *1 n.1 (E.D. Pa. Apr. 8, 2016).

In its well-reasoned opinion, this Court found that the Prosecutor Defendants were entitled to absolute immunity, and that opinion was consistent with and supported by controlling authority.

(ECF 128).  While Plaintiff disagrees with that decision and argues the cases relied upon by this Court do not support a finding of absolute immunity, a mere disagreement with those decisions or the underlying logic "does not constitute a "substantial ground for difference of opinion' within the meaning of" section 1292(b).  See Cardona v. General Motors Corp., 939 F.Supp. 351, 353 (D.N.J. 1996); see also Snook v. Penn State Geisinger Health Plan, 2002 WL 34463156, *5 (M.D. Pa. March 4, 2002)("while the [moving party] may not be content with our ruling, their unhappiness, without more, is no basis to allow an appeal").  Therefore, Plaintiff has failed to show a substantial difference of opinion and has failed to meet his burden of proof.

Plaintiff also has not established that an immediate appeal will materially advance the ultimate termination of this litigation.  In resolving the "materially advance" element, courts ordinarily consider: 1) whether the need for trial would be eliminated, 2) whether trial would be simplified by the elimination of complex issues, or 3) whether discovery could be conducted more expeditiously and less expensively.  Eisenberger v. Chesapeake Appalachia, LLC, 2010 WL 1816646 at *4 (M.D. Pa. May 05, 2010)(citing Knipe v. SmithKline Beecham, 583 F.Supp. 2d 553, 600 (E.D. Pa. 2008)).  "When litigation will be conducted in substantially the same manner regardless of [the Court of Appeals'] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation."  In re Imperial Towing, Inc., 2012 WL 6460068, *3 (W.D. Pa. Dec. 13, 2012).

Whether or not an immediate appeal is allowed, this action will still proceed through discovery and trial given that Plaintiff has pending claims against the remaining defendants.  In addition, an immediate appeal of the grant of absolute immunity to the Prosecutor Defendants will not eliminate any complex issues, triable issues or controlling issues of law to be resolved at trial.  To the contrary, the same causes of action will be tried regardless of whether the Prosecutor

Defendants are dismissed.  Finally, as Plaintiff indicates, the parties have already exchanged "upwards of 50,000 pages of evidentiary record" and "all the claims in this case are based on the same voluminous set of evidence." (ECF 130, p. 23).  Thus, an immediate appeal would not make discovery easier or less costly.  As a result, Plaintiff has failed to demonstrate that an immediate appeal will materially advance the ultimate termination of this litigation, and Plaintiff's Motion should be denied.  See Bush v. Adams, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009)(denying certification of order on personal jurisdiction in multi-defendant case; "regardless of whether th[e] dismissals are upheld or reversed, the parties will still have to litigate the plaintiffs' claims against [the other defendants] in full" and the "proposed interlocutory appeal will not affect the scope of discovery or the issues for trial as to those claim"); Muller v. Temura Shipping Co., Ltd., 629 F. Supp. 1024, 1028 (E.D. Pa. 1986) (denying motion for certification of order in multi-defendant case because the case will proceed whether or not one party is dismissed and the the only potential savings of time and expense from a successful appeal would be to the benefit of the moving party, but there would be no savings to the other parties).

III.      **CONCLUSION**

Based upon the foregoing, Defendants, Former Assistant District Attorney David Desiderio and Former District Attorney Lynne Abraham, respectfully request that Plaintiff's Motion for Reconsideration, or, in the Alternative, for a Certification of Leave to Appeal and a Stay in the Court Pending the Outcome of the Appeal be denied.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

By:
_____
Joseph J. Santarone, Esquire
Attorney ID:  45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com
Attorney for Defendants, Former Assistant
District Attorney David Desiderio and
Former District Attorney Lynne Abraham

Date:  September 8, 2023

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire hereby certify that a true and correct copy of the foregoing was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

By: _____

Joseph J. Santarone, Esquire
Attorney ID: 45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2626
jjsantarone@mdwcg.com
Attorney for Defendants, Former Assistant
District Attorney David Desiderio and
Former District Attorney Lynne Abraham

Date: September 8, 2023

EXHIBIT A

**Hrouda, Jessi**

| | |
|---|---|
| **From:** | ecf_paed@paed.uscourts.gov |
| **Sent:** | Monday, June 5, 2023 4:10 PM |
| **To:** | paedmail@paed.uscourts.gov |
| **Subject:** | Activity in Case 2:21-cv-02057-JMY WILSON v. CITY OF PHILADELPHIA, PENNSYLVANIA et al Letter |

**WARNING: This email originated outside MDWCG. BE CAUTIOUS before clicking any link or attachment.**

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## United States District Court

## Eastern District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered by SANTARONE, JOSEPH on 6/5/2023 at 4:09 PM EDT and filed on 6/5/2023

| | |
|---|---|
| **Case Name:** | WILSON v. CITY OF PHILADELPHIA, PENNSYLVANIA et al |
| **Case Number:** | 2:21-cv-02057-JMY |
| **Filer:** | LYNNE ABRAHAM |
| | DAVID DESIDERIO |
| **Document Number:** | 124 |

**Docket Text:**
**Letter dated June 5, 2023 by LYNNE ABRAHAM, DAVID DESIDERIO. (SANTARONE, JOSEPH)**

**2:21-cv-02057-JMY Notice has been electronically mailed to:**

ALANA M. MCMULLIN    Alana.McMullin@lathropgpm.com

ALISON J. GUEST    aguest@azlawllc.com, lpann@azlawllc.com

DANIELLE E. WALSH    danielle.walsh@phila.gov, anne.taylor@phila.gov

FORTUNATO N. PERRI , JR    fperri@mpmpc.com, lnaftulin@mpmpc.com, secretary@mpmpc.com

FRANCESCO P. TRAPANI     frank@krehertrapani.com

JOSEPH ZAFFARESE     jzaffarese@azlawllc.com, lpann@azlawllc.com

JOSEPH J. SANTARONE , JR     jjsantarone@mdwcg.com, dmduffin@mdwcg.com, dmgalas@mdwcg.com, efile@mdwcg.com

John Anthony DeRose     jderose@clarkhill.com, jtesta@clarkhill.com

KIMBERLY K. WINTER     kim.winter@lathropgpm.com, jan.ruggles@lathropgpm.com

Katelyn Lori Mays     kmays@azlawllc.com, asorathia@azlawllc.com

LAURI A. KAVULICH     lkavulich@clarkhill.com, sradcliff@clarkhill.com

MICHAEL J. ABRAMS     michael.abrams@lathropgpm.com, jan.ruggles@lathropgpm.com

MICHELLE V. BARONE     michelle.barone@phila.gov, anne.taylor@phila.gov

Maximillian Schultz     mschultz@mccarter.com

**2:21-cv-02057-JMY Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=6/5/2023] [FileNumber=18983900-0
] [583a1873af0b64be093abd38281045576c486caf66152f1ed97b42067953102dcff
cde7aa083e39c793ff0a6d693421a44146d73f829689851dd1a9d45b9b884]]

**Hrouda, Jessi**

| | |
|---|---|
| **From:** | ecf_paed@paed.uscourts.gov |
| **Sent:** | Monday, June 5, 2023 5:44 PM |
| **To:** | paedmail@paed.uscourts.gov |
| **Subject:** | Activity in Case 2:21-cv-02057-JMY WILSON v. CITY OF PHILADELPHIA, PENNSYLVANIA et al Letter |

**WARNING: This email originated outside MDWCG. BE CAUTIOUS before clicking any link or attachment.**

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## United States District Court

## Eastern District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered by ABRAMS, MICHAEL on 6/5/2023 at 5:44 PM EDT and filed on 6/5/2023

| | |
|---|---|
| **Case Name:** | WILSON v. CITY OF PHILADELPHIA, PENNSYLVANIA et al |
| **Case Number:** | 2:21-cv-02057-JMY |
| **Filer:** | THEOPHALIS WILSON |
| **Document Number:** | 125 |

**Docket Text:**
**Letter dated June 5, 2023 by THEOPHALIS WILSON. (ABRAMS, MICHAEL)**

**2:21-cv-02057-JMY Notice has been electronically mailed to:**

ALANA M. MCMULLIN    Alana.McMullin@lathropgpm.com

ALISON J. GUEST    aguest@azlawllc.com, lpann@azlawllc.com

DANIELLE E. WALSH    danielle.walsh@phila.gov, anne.taylor@phila.gov

FORTUNATO N. PERRI , JR    fperri@mpmpc.com, lnaftulin@mpmpc.com, secretary@mpmpc.com

FRANCESCO P. TRAPANI    frank@krehertrapani.com

JOSEPH ZAFFARESE    jzaffarese@azlawllc.com, lpann@azlawllc.com

JOSEPH J. SANTARONE , JR    jjsantarone@mdwcg.com, dmduffin@mdwcg.com, dmgalas@mdwcg.com, efile@mdwcg.com

John Anthony DeRose    jderose@clarkhill.com, jtesta@clarkhill.com

KIMBERLY K. WINTER    kim.winter@lathropgpm.com, jan.ruggles@lathropgpm.com

Katelyn Lori Mays    kmays@azlawllc.com, asorathia@azlawllc.com

LAURI A. KAVULICH    lkavulich@clarkhill.com, sradcliff@clarkhill.com

MICHAEL J. ABRAMS    michael.abrams@lathropgpm.com, jan.ruggles@lathropgpm.com

MICHELLE V. BARONE    michelle.barone@phila.gov, anne.taylor@phila.gov

Maximillian Schultz    mschultz@mccarter.com

**2:21-cv-02057-JMY Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=6/5/2023] [FileNumber=18984315-0
] [9709fc9ad1f3891a571f8b44a2fb0016b9baa6e9f8163e12e25cfc2bbc263f999d4
07e32c20180c162f066be36fcf0e85137786e2f0050be72b541e07f0cdb74]]