**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THEOPHALIS (BINKY) WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-2057-JMY** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANTS' CITY OF PHILADELPHIA, RICHARD HARRIS, KEVIN
HOLLINSHEAD, AND FRANK MARGERUM'S ANSWER, WITH AFFIRMATIVE
DEFENSES, TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, City of Philadelphia ("City"), Richard Harris ("Defendant Harris"), Kevin

Hollinshead ("Defendant Hollinshead"), and Frank Margerum ("Defendant Margerum"),

(collectively, "Answering Defendants"), by and through undersigned counsel, hereby file this

Answer, with Affirmative Defenses, to Plaintiff's Amended Complaint and aver as follows:

**<u>INTRODUCTION</u>**

1.      The allegations contained in this paragraph constitute conclusions of law and/or the

Plaintiff's statement of the case and, therefore, require no response. To the extent a response is

required, denied.

2.      The allegations contained in this paragraph constitute conclusions of law and/or the

Plaintiff's statement of the case and, therefore, require no response. To the extent a response is

required, denied.

3.      Denied as stated. It is admitted only that the bodies of Kevin Anderson, Gavin

Anderson, and Otis Reynolds were found between the late-night hours of September 25, 1989 and

early morning hours of September 26, 1989. It is further admitted that Kevin and Gavin Anderson

were brothers. The remaining allegations contained in this paragraph constitute conclusions of law

and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

4.      The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

5.      The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

6.      The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

7.      The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

8.      The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

9.      The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; therefore, these allegations are denied.

10.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

11.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

12.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

13.     Denied as stated. It is admitted only that Plaintiff was arrested in 1992. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

14.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

15.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

16.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

17.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

18.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

19.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

20.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## JURISDICTION AND VENUE

21.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, Answering Defendants state that they are not challenging the Court's at this time but reserve the right to do so should the need arise.

22.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, Answering Defendants state that they are not challenging the Court's jurisdiction at this time but reserve the right to do so should the need arise.

23.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is

required, Answering Defendants state that they are not challenging the Court's jurisdiction at this time but reserve the right to do so should the need arise.

24.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, Answering Defendants state that they are not challenging venue at this time but reserve the right to do so should the need arise.

## PARTIES

25.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph. To the extent a further response is required, denied.

26.    Admitted in part, denied in part. Admitted only that the City of Philadelphia is a municipality located in the Commonwealth of Pennsylvania. Answering Defendants further admit that the City of Philadelphia has or had employed the individual PPD Defendants in this matter at some point in time. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

27.    The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

28.    The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

29.    The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

30.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

31.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

32.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

33.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

34.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

35.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

36.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

37.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

38.     Admitted in part, denied in part. Admitted only Richard Harris was an officer of the PPD and was assigned as a detective with the Homicide Unit. Answering Defendants further admit that Plaintiff purports to sue Harris in his individual capacity. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

39.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

40. The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

41. Admitted in part, denied in part. Admitted only Kevin Hollinshead was an officer of the PPD. It is denied that Hollinshead was assigned as a detective with the Homicide Unit. Answering Defendants further admit that Plaintiff purports to sue Hollinshead in his individual capacity. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

42. The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

43. The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

44. The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

45. Admitted in part, denied in part. Admitted only Francis Margerum was an officer of the PPD and was assigned as a detective with the Homicide Unit. Answering Defendants further admit that Plaintiff purports to sue Margerum in his individual capacity. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

46. The allegations contained in this paragraph pertain to unidentified individuals and, therefore, require no response. To the extent a response is required, denied.

47.     The allegations contained in this paragraph pertain to unidentified individuals and, therefore, require no response. To the extent a response is required, denied.

48.     The allegations contained in this paragraph pertain to individuals other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

49.     The allegations contained in this paragraph pertain to individuals other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

## **FACTS**

### **The Anderson/Reynold Murders**

50.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

51.     The allegations contained in this paragraph pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

### *Otis Reynolds*

52.     Admitted in part, denied in part. Admitted only that Otis Reynolds, a 5'11" Black male was found deceased in the area of 1235 W. College Avenue in Philadelphia, Pennsylvania on September 25, 1989 and that Reynolds had sustained gunshot wounds. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

53.     Admitted in part, denied in part. Admitted only that police arrived on scene at approximately 11:38 p.m. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

54.     Admitted in part, denied in part. It is admitted only that Reynolds' body was found with gunshot wounds. By way of further answer, to the extent that the allegations in this paragraph purport to summarize the medical examiner's written report, Answering Defendants refer the Court to that report, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

55.     Denied as stated. It is admitted only that Reynolds was identified through his fingerprints. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

*Kevin Anderson*

56.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

57.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

58.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

59.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

60.     To the extent that the allegations in this paragraph purport to summarize and/or characterize a recording, Answering Defendants refer the Court to the recording of that dispatch for its true and accurate contents. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

61.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

62.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

63.     To the extent that the allegations in this paragraph purport to summarize and/or characterize a 9-11 call, Answering Defendants refer the Court to the recording of that call for its true and accurate contents. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

64.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

65.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

66.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

67.     To the extent that the allegations in this paragraph purport to summarize and/or characterize a 9-11 call, Answering Defendants refer the Court to the recording of that call for its true and accurate contents. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

68.     To the extent that the allegations in this paragraph purport to summarize and/or characterize a 9-11 call, Answering Defendants refer the Court to the recording of that call for its true and accurate contents. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

69.     Admitted in part, denied in part. It is admitted only that Kevin Anderson's body was found in the area of 32nd and Berks Street. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

70.     Admitted in part, denied in part. Admitted only that Kevin Anderson was a teenaged Black male, 5'4" and 140 pounds and that Kevin Anderson had sustained gunshot wounds. By way of further answer, to the extent that the allegations in this paragraph purport to summarize the medical examiner's written report, Answering Defendants refer the Court to that report, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

71.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

72.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

73.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

74.     Admitted in part, denied in part. It is admitted only that on September 27, 1989, Detective Schol interviewed Officer Hollinshead. By way of further answer, to the extent that the allegations in this paragraph purport to summarize the Investigation Interview Record, Answering Defendants refer the Court to that document, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

*Gavin Anderson*

75.     Admitted in part, denied in part. It is admitted only that on September 26, 1989 at 8:36 a.m., Gavin Anderson was found dead in the 2400 block of West Glenwood Avenue. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

76.     Admitted in part, denied in part. It is admitted only that responding officers observed that Gavin Anderson had two gunshot wounds. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

77.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

78.     Admitted in part, denied in part. It is admitted only that had no identification on his person. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

79.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

80.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

81.     To the extent that the allegations in this paragraph purport to summarize the Investigation Interview Record, Answering Defendants refer the Court to that document, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

82.     To the extent that the allegations in this paragraph purport to summarize Gavin Anderson's death certificate, Answering Defendants refer the Court to that document, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

83.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

84.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

85.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

86.     To the extent that the allegations in this paragraph purport to summarize a police report, Answering Defendants refer the Court to that document, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the

Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants, therefore, require no response. To the extent a response is required, denied.

87.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants, therefore, require no response. To the extent a response is required, denied.

88.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

89.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants, therefore, require no response. To the extent a response is required, denied.

90.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

91.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

92.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

93.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

94.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

95.     This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

96.     This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

97.     This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

98.     This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

99.     This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

100.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

101.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

102.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

103.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

104.    This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

105.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

106.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

107.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

108.   This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

109.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

110.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

111.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

112.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

113.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

114.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

115.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

116.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

117.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

118.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

119.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

120.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

121.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

122.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

123.    To the extent that the allegations in this paragraph purport to summarize an Interview Investigation Report, Answering Defendants refer the Court to that report, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

124.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

125.    This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

126.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

127.    This paragraph does not contain allegations against Answering Defendants and therefore requires no response. Alternatively, the allegations contained in this paragraph constitute

conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

128.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

129.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

130.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

131.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

132.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

133.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

134.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

135.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

136.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

137.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

138.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

139.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

140.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

141.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

142.   Admitted in part, denied in part. It is admitted only that Michael Haynesworth was killed on November 21, 1989 and that James White was arrested in connection with the murder.

The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

143.   Admitted in part, denied in part. It is admitted only that Marron Genrette was shot and that James White was arrested in connection with the murder. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

144.   To the extent that the allegations in this paragraph purport to summarize the terms of the negotiated guilty plea, Answering Defendants refer the Court to that written agreement, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

145.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

146.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

147.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

148.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

149.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

150.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

151.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

152.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

153.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

154.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

155.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

156.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

157.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

158.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

159.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

160.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

161.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

162.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

163.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

164.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

165.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

166.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

167.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

168.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

169.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

170.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

171.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

172.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

173.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

174.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

175.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

176. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

177. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

178. To the extent that the allegations in this paragraph purport to summarize James White's trial testimony transcript, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

179. To the extent that the allegations in this paragraph purport to summarize James White's trial testimony transcript, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

180. To the extent that the allegations in this paragraph purport to summarize James White's trial testimony transcript, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

181. To the extent that the allegations in this paragraph purport to summarize Craig Vaughn's trial testimony transcript, Answering Defendants refer the Court to the transcript, which

speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

182.    To the extent that the allegations in this paragraph purport to summarize the trial testimony transcript, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

183.    To the extent that the allegations in this paragraph purport to summarize the trial testimony transcript, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

184.    To the extent that the allegations in this paragraph purport to summarize Dr. Hoyer and Dr. Park's trial testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

185.    To the extent that the allegations in this paragraph purport to summarize Dr. Hoyer's trial testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

186.    To the extent that the allegations in this paragraph purport to summarize David Lee's trial testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

187.    To the extent that the allegations in this paragraph purport to summarize Alan Jackson's trial testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

188.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

189.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

190.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

191.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

192.    To the extent that the allegations in this paragraph purport to summarize James White's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

193.    To the extent that the allegations in this paragraph purport to summarize James White's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

194.    To the extent that the allegations in this paragraph purport to summarize James White's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

195.    To the extent that the allegations in this paragraph purport to summarize James White's hearing testimony or James White's post-conviction relief filings, Answering Defendants refer the Court to the transcript or court filings, which speak for themselves. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

196.    To the extent that the allegations in this paragraph purport to summarize James White's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks

31

for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

197.   To the extent that the allegations in this paragraph purport to summarize Robert Tressell's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

198.   To the extent that the allegations in this paragraph purport to summarize Robert Tressell's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

199.   To the extent that the allegations in this paragraph purport to summarize Charles Wetli's hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

200.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

201.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

202.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

203.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

204.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

205.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

206.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

207.     The allegations contained in this paragraph and subparagraphs constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

208.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

209.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

210.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

211.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

212.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

213.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

214.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

215.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

216.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

217.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

218.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

219.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

220.    To the extent that the allegations in this paragraph purport to summarize hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

221.    To the extent that the allegations in this paragraph purport to summarize hearing testimony, Answering Defendants refer the Court to the transcript, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the

Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

222.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

223.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

224.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

225.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

226.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

227.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

228.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

229.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

230.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

231.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

232.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

233.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

234.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

235.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

236.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

237.   To the extent that the allegations in this paragraph purport to summarize the Court's opinion in *Dennis v. City of Philadelphia*, 379 F. Supp. 3d 420 (E.D. Pa. 2019), Answering Defendants refer the Court to that opinion, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

238.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

239.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

240.   The allegations contained in this paragraph and subparagraphs constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

241.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

242.   The allegations contained in this paragraph and subparagraphs constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

243. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

244. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

245. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

246. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

247. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

248. The allegations contained in this paragraph and subparagraphs constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

249. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

250.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

251.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

252.     To the extent that the allegations in this paragraph purport to summarize the referenced Consent Decree, Answering Defendants refer the Court to the Consent Decree, which speaks for itself. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

253.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

254.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

255.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

256.     The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

257.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

258.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

259.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

260.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

261.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

262.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

263.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

264.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

265.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

266.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

267.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

268.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

269.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## CLAIMS FOR RELIEF
## FEDERAL CAUSES OF ACTION

## COUNT I
### 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth Amendment[1]
*Against All Defendants*

270.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

271.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

272.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

273.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

274.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

275.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

---

[1] The Court granted Defendants' Motions to Dismiss and dismissed Count I as it relates to the Fourteenth Amendment. *See* ECF 115.

276.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

277.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

<u>**COUNT II**</u>
**42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence in Violation of the Fourth and Fourteenth Amendments[2]**
*Against All Defendants*

278.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

279.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

280.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

281.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

---

[2] Concluding that Defendants are entitled to qualified immunity, the Court granted Defendants' Motions to Dismiss and dismissed Count II as it relates to "Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation". *See* ECF 115.

282.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

283.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

284.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

285.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

<u>**COUNT III**</u>
**42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating and Coercing Evidence in Violation of the Fourth and Fourteenth Amendments[3]**
*Against All Defendants*

286.   Answering Defendants incorporate by reference all of the foregoing paragraphs.

287.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

---

[3] Concluding that Defendants are entitled to qualified immunity, the Court granted Defendants' Motions to Dismiss and dismissed Count III as it relates to "Withholding Material Exculpatory and Impeachment Evidence". *See* ECF 115.

288.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

289.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

290.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

291.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

292.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

293.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

294.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## COUNT IV
### 42 U.S.C. § 1983 Failure to Intervene[4]
*Against Defendant PPD Officers and Supervisors*

295.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

296.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

297.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

298.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to claims that the Court dismissed and therefore, require no response. To the extent further response is required, denied.

## COUNT V
### 42 U.S.C. § 1983 Civil Rights Conspiracy
*Against Defendant PPD Officers and Supervisors*

299.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

300.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

301.    The allegations contained in this paragraph and subparagraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

---

[4] The Court granted Defendants' Motions to Dismiss and dismissed Count IV as to all Defendants. *See* ECF 115 and ECF 128.

302.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT VI**
**42 U.S.C. § 1983 Supervisory Liability Claim**
*Against Defendants City of Philadelphia, PPD Officers and Supervisors, and Abraham*

303.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

304.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

305.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

306.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

307.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

308.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

309.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and therefore, require no response. To the extent further response is required, denied.

**COUNT VII**
**42 U.S.C. § 1983 *Monell* Claim**
**Unconstitutional Customs, Policies, and Practices of Defendant City of Philadelphia**
*Against Defendants City of Philadelphia*

310.   Answering Defendants incorporate by reference all of the foregoing paragraphs.

311.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

312.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

313.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

314.   The allegations contained in this paragraph and subparagraphs constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

315.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

316.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or

pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

317.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

318.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

319.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

320.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

321.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

322.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## STATE LAW CLAIMS[5]

### COUNT VIII
### Malicious Prosecution under Pennsylvania state law
*Against All Defendants (Except City of Philadelphia)*

323.    Answering Defendants incorporate by reference all of the foregoing paragraphs.

324.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

325.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

326.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

327.    The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

---

[5] The Court dismissed the state law claims (Counts XIII and IX) brought against the City of Philadelphia. *See* ECF 115.

## COUNT IX
### Intentional Infliction of Emotional Distress under Pennsylvania state law
*Against All Defendants (Except City of Philadelphia)*

328.   Answering Defendants incorporate by reference all of the foregoing paragraphs.

329.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

330.   The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and/or pertain to parties other than Answering Defendants and/or pertain to claims that have been dismissed and, therefore, require no response. To the extent a response is required, denied.

## JURY DEMAND

Answering Defendants demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed, in whole or in part, to state a claim against Answering Defendants upon which relief can be granted.

### Second Affirmative Defense

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto.  Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the individual Answering Defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

### Seventh Affirmative Defense

At all times material to this civil action, the individual Answering Defendants acted in a reasonable, proper, and lawful manner.

### Eighth Affirmative Defense

Plaintif's claims are barred, in whole or in part, by the doctrines of issue and/or claim preclusion.

### Ninth Affirmative Defense

The acts of prosecutors, judges, and/or defense attorneys involved in Plaintiff's criminal litigation were superseding causes of the harm Plaintiff suffered, thus precluding a finding of liability against the Answering Defendants.

### Tenth Affirmative Defense

The criminal charges against Plaintiff were held over at a preliminary hearing, which constitutes affirmative evidence of probable cause.

### Eleventh Affirmative Defense

Plaintiff is actually guilty of the crimes he was convicted, and Answering Defendants reserve the right to prove his guilt by a preponderance of evidence at trial.

### Twelfth Affirmative Defense

At all times through the criminal trial of Plaintiff, probable cause existed for Plaintiff's arrest.

**WHEREFORE**, Defendants City of Philadelphia, Richard Harris, Francis Margerum, and Kevin Hollinshead deny that they are liable, either jointly or severally, on all claims asserted by Plaintiff in the Amended Complaint, and respectfully demand judgment in their favor plus such other relief as the Court deems appropriate, including the costs of defense.


Date:  October 13, 2023                              Respectfully submitted,


                                                     /s/ *Michelle V. Barone*
                                                     Michelle V. Barone
                                                     Deputy City Solicitor
                                                     Pa. Attorney ID No. 318237
                                                     City of Philadelphia Law Department
                                                     1515 Arch Street, 14th Floor
                                                     Philadelphia, PA 19102
                                                     215-683-5217
                                                     michelle.barone@phila.gov


                                                     *Counsel for Defendants City of Philadelphia, Harris, Margerum, and Hollinshead*

54

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THEOPHALIS (BINKY) WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-2057-JMY** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Answer with Affirmative Defenses to Plaintiff's Amended Complaint was filed via the Court's electronic filing system and is available for downloading.

Date:  October 13, 2023                    Respectfully submitted,


                                           /s/ *Michelle V. Barone*
                                           Michelle V. Barone
                                           Deputy City Solicitor
                                           Pa. Attorney ID No. 318237
                                           City of Philadelphia Law Department
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102
                                           215-683-5217
                                           michelle.barone@phila.gov