IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEOPHALIS WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| CITY OF PHILADELPHIA, PENNSYLVANNIA et al | : | NO. 21-02057 |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

AND NOW, this 1st day of November 2023, upon consideration of the Appellant's *Motion for Reconsideration* (ECF No. 130), and all papers submitted in support thereof and in opposition thereto, as well as oral arguments made by both sides in a hearing on the motion held by the Court on October 25, 2023, it is hereby **ORDERED,** and that said Motion is **DENIED.**[1]

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Plaintiff Wilson seeks reconsideration of the Court's Order which granted the Defendant's Motion to Dismiss on August 11th, 2023. (ECF No. 128.) Therefore, the Court will consider Plaintiff's Motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "The United States Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994). A motion for reconsideration "is an extraordinary remedy to be employed sparingly." *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007). The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest injustice." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999)); see also *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. Sep. 2, 1993).

A motion for reconsideration is not "a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court," or "to express disagreement with the Court's rulings." *United States v. Stevenson*, No. 16-0189, 2019 U.S. Dist. LEXIS 172592 at *2 (W.D. Pa. Oct. 4, 2019) (*citing United State v. Hoey*, No. 09-0200, 2011 U.S. Dist. LEXIS 15079 at *6 (W.D. Pa. Feb. 15, 2011)); *United States v. Perminter*, No. 10-0204, 2012 U.S. Dist. LEXIS 25182 at *7 (W.D. Pa. Feb. 28, 2012). Instead, "such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *Perminter*, 2012 U.S. Dist. LEXIS 25182, at *9. Put simply, it is "improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

On April 12th, 2023, Defendants filed a Motion to Dismiss the Plaintiff's Amended Complaint (Defs. Mot. to Dismiss, ECF No. 118). Accordingly, Plaintiff, seeks reconsideration of the Court's Order Granting the Defendant's Motion to Dismiss on August 11, 2023 (ECF No. 130). On October 25th, 2023, an oral argument was held on the Motion for Reconsideration. For the reasons outlined below, this Motion is denied.

Plaintiff commenced this §1983 action alleging that he was wrongfully imprisoned for causing the "Anderson/Reynolds Murders" (Complaint, ¶ 1, ECF No. 1). Plaintiff further contends that he was wrongfully incarcerated for 28 years, because of misconduct "including fabrication of inculpatory evidence, suppression of exculpatory evidence, and coercion of false testimony…" by the Defendants (*Id*. ¶ 2).

Before the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint was granted, the Court required supplemental briefing on the issue of absolute immunity. Specifically, the Court posed the following question: "Plaintiff has alleged that Defendant Former Assistant District Attorney David Desiderio coerced a confession from James White; in your opinion, does this alleged act constitute " investigatory" or "prosecutorial" conduct for purposes of an absolute immunity analysis?" (ECF No. 123). Both Parties accordingly provided briefing on the issue. Following the briefing, on August 11th, the Court granted the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint. (ECF No. 128). Plaintiff now seeks Reconsideration of this Court's Order (ECF No. 130).

Reconsideration of the Court's Order Dismissing the Plaintiff's Amended Complaint is not warranted. The Plaintiff's argument asserting a lack of opportunity to respond to the Defendant's arguments in the Supplemental Briefing is unfounded. Procedurally, the Plaintiff is not traditionally afforded the opportunity to respond, unless so directed by the Court. Moreover, the Defendants filed their response to question presented in the Supplemental Briefing before the Plaintiff. As such, Plaintiff did, indeed, have the ability to review and respond to the Defendant's arguments if they so wished.

The Court did not make any errors of law in concluding that the allegedly fabricated confession by James White was prosecutorial rather than investigatory in nature. Plaintiff's allegations in the Amended Complaint evince that White's alleged confession occurred during plea bargaining activity, thereby warranting protection by absolute immunity. This policy-based doctrine is appropriately supported by case law from the Third Circuit as well as the Supreme Court. Accordingly, the Plaintiff's Motion for Reconsideration is denied.